## McLAREN *v.* HUTCHINSON.

DEFENDANT purchased land of B., and, as part of the consideration, agreed to pay certain debts of B. , Neither plaintiff nor the person to whom the debts were owing were parties to this agreement, nor did they assent to it, or attempt to connect themselves with the transaction prior to this suit. Plaintiff is holder of these debts, and seeks to recover them of defendant: *Held*, that plaintiff cannot maintain the action—there being no privity between the parties, no novation of the indebtedness, and no assent to the transaction, which might make the agreement an equitable assignment.

APPEAL from the Tenth District.

The complaint avers, that on the sixth of August, 1859, George

McLaren *v.* Hutchinson.

H. Beach was indebted to plaintiff four hundred and nineteen dollars and eight cents, to E. Keller one hundred and eighty-three dollars, to McBean ninety-six dollars, to Bagwell one hundred and eighty-seven dollars, all for work and labor. These several items are set out in four counts, it being averred in each count that defendant, in consideration of said sums being paid to him by said Beach, promised in writing to pay the same to the respective parties, who sold and assigned to plaintiff. The complaint also contains the common counts for eight hundred and five dollars and eight cents, for money had and received and on an account stated.

Defendant demurred on the ground that the complaint does not state facts sufficient to constitute a cause of action. Overruled. Answer filed denying the allegations of the complaint, and setting up : 1st, that plaintiff cannot recover in his own name the claims of McBean, Keller and Bagwell ; 2d, that defendant purchased certain property of Beach, and for part of the indebtedness incurred thereby entered into a written agreement with Beach, on the sixth of August, 1859, to pay the sums specified in the complaint to the persons named therein for said Beach, and that neither plaintiff nor said several creditors of Beach knew of or consented to said agreement ; 3d, that on the third of August, 1859, Gashee & Curtis, creditors of Beach, sued him for $1,067, and on the twenty-third of the same month issued an attachment and garnisheed this defendant ; that this present suit was commenced long after said attachment suit, and is the only election plaintiff or his assigns ever made to look to this defendant's agreement with Beach to pay said several sums, and the only relinquishment he or they ever made of their original claims against Beach ; and that they always refused to make such relinquishment.

Plaintiff demurred to the answer as not constituting a bar to plaintiff's recovery. Demurrer sustained ; and, defendant failing to amend, judgment was rendered for plaintiff in the full amount claimed—eight hundred and five dollars and eight cents. Defendant appeals.

*G. N. Swezy,* for Appellant, cited 1 Strange, 592 ; 1 Ventr. 6 ; 4 Barn. & Ald. 433 ; 5 Adol. & Ellis, 548 ; 1 Bos. & P. 158 ; 18 Me. 324.

McLaren *v.* Hutchinson.

*Rowe & De Long,* for Respondent, cited *Kreutz* ·v. *Livingston,* 344.

COPE, J. delivered the opinion of the Court—FIELD, C. J. concurring.

In this case the defendant purchased of one Beach a tract of land, and, as a part of the consideration, agreed to pay certain debts specified in the complaint. Neither the plaintiff nor any of the persons to whom the debts were owing were parties to this agreement, and it does not appear that they ever assented to or attempted in any manner to connect themselves with the transaction prior to the commencement of the suit. The plaintiff is the present holder of these debts, and the question is whether he can maintain an action against the defendant for their recovery. It is clear, we think, that he cannot. There is no privity between the parties, and the legal position of the plaintiff is ·that of a stranger to the agreement. The defendant is liable upon the agreement alone, and Beach is the only party who can maintain an action for its violation. We are not aware of any principle upon which such an action can be maintained by the plaintiff. If there had been a novation of the indebtedness by substituting the liability of the defendant for that of Beach, or if the transaction had been assented to so as to give to the agreement the effect of an equitable assignment, the plaintiff would have some foundation to stand upon; but as it is, his claim is without any legal support whatever.

Judgment reversed and cause remanded.