[No. 9615. Department One. — August 12, 1885.]

SACRAMENTO LUMBER COMPANY, RESPONDENT, v. HELENA WAGNER ET AL. HELENA WAGNER, APPELLANT.

MARRIED WOMAN — CONTRACT TO ASSUME INDEBTEDNESS — ORIGINAL OBLIGATION — STATUTE OF FRAUDS. — A married woman may enter into a contract to assume the payment of an indebtedness of a third person in consideration of the conveyance to her of a tract of land. The promise to answer for such indebtedness is an original obligation and need not be in writing.

CONTRACT FOR BENEFIT OF ANOTHER — ACTION ON — CONSIDERATION. — One in whose favor a contract is made may maintain an action thereon, although he was not a party to the agreement, and the consideration therefor did not move from him.

APPEAL from an order of the Superior Court of Sacramento County refusing a new trial.

The facts are stated in the opinion.

*J. H. McKune,* for Appellant.

*Freeman & Bates,* for Respondent.

BELCHER, C. C. — The defendants being husband and wife, bought the real property mentioned in the complaint in February, 1881. At the time of the purchase the defendant Helena paid one third of the purchase price with money which was her separate property, and for the other two thirds they gave their joint promissory note. Shortly after the purchase they commenced to erect a building on the premises, and obtained lumber and material therefor from the plaintiff. The lumber and materials furnished were charged to John Wagner, the husband. On the 4th day of April, 1881, the defendants reconveyed the property to Michael Wagner, their grantor, who held it until the 11th day of July following, and then for the expressed consideration of one dollar, conveyed it back to defendant Helena.

Between April 4th and July 11th, the construction of the building was continued, and materials therefor were furnished by the plaintiff and by Hartwell, Hotchkiss & Stalker, and charged to John Wagner. At the time of the conveyance to her on the 11th of July, defendant Helena agreed to pay the bills against the property, including the bills due the plaintiff and Hartwell, Hotchkiss & Stalker, and this she told the scrivener who drew the deed was a part of the consideration of the deed to her. On the same day she went with her husband to the plaintiff's managing agent and told him that she owned the property and was going to pay all the bills, and wanted to know how much discount the plaintiff would allow her if she paid the cash. She also went with her husband to the place of business of Hartwell, Hotchkiss & Stalker, and asked for their bill, and said she was going to pay it. The bills not being paid, Hartwell, Hotchkiss & Stalker assigned their bill to the plaintiff, and this action was brought to recover the amount of the two bills. The defendant John appeared and consented that judgment be taken against him as prayed for in the complaint. The defendant Helena answered with a general denial and a plea of coverture. The case comes here on an appeal by the defendant Helena from the order denying her motion for a new trial.

The fact that the appellant was a married woman cannot avail her in this case. She was not disqualified by reason of coverture from entering into a contract of the character indicated in the record. In this State "either husband or wife may enter into any engagement or transaction with the other, or with any other person respecting property, which either might if unmarried." (Civ. Code, § 158.)

The appellant accepted a conveyance of the property, and as a part consideration for that conveyance promised to pay the bills sued on. Even if the obligation to pay them rested on John Wagner, or Michael Wagner alone, still the appellant's promise to pay them was not void because not in writing signed by her. Section 2794 of the Civil Code provides: "A promise to answer for the obligation of another in any of the following cases, is deemed an original obligation of the promisor, and need not be in writing. . . . .

3. Where the promise being for an antecedent obligation of another, is made . . . . upon a consideration beneficial to the

promisor, whether moving from either party to the antecedent obligation or from another person." It is claimed that the debt was the obligation of John Wagner, and that a promise made to John Wagner or Michael Wagner could not operate as a promise to the plaintiff, or to Hartwell, Hotchkiss & Stalker, on which they could sue for the reason that there was no privity between the parties.

The same point was made and maintained in *McLaren* v. *Hutchinson,* 18 Cal. 80. The court said: "In this case the defendant purchased of one Beach a tract of land, and as a part of the consideration agreed to pay certain debts specified in the complaint. Neither the plaintiff nor any of the persons to whom the debts were owing were parties to the agreement, and it does not appear that they ever assented to or attempted in any manner to connect themselves with the transaction prior to the commencement of the suit. The plaintiff is the present holder of these debts, and the question is whether he can maintain an action against the defendant for their recovery. It is clear, we think, that he cannot. There is no privity between the parties, and the legal position of the plaintiff is that of a stranger to the agreement."

The same point was again made in *Lewis* v. *Covillaud,* 21 Cal. 189, and speaking of *McLaren* v. *Hutchinson,* the court said: "In that case the suit was upon an agreement made by the defendant with a third person to pay a debt owing by the latter to the plaintiff, and we held that as the plaintiff was not a party to the agreement, the action could not be maintained. The decision was placed upon the ground that there was no privity; but since the case was decided the matter has frequently been called to our attention, and we are by no means satisfied with the rule laid down. The agreement was founded upon a sufficient consideration, and the modern doctrine in such cases seems to be in favor of the maintenance of the action."

We are satisfied that an action like that described in *McLaren* v. *Hutchinson* may be maintained, and that the court did not err in this case in rendering judgment in favor of the plaintiff. (*Barker* v. *Bucklin,* 2 Denio, 45; *Delaware and Hudson Canal Co.* v. *Westchester Co. Bank,* 4 Denio, 97; *Lawrence* v. *Fox,* 20

N. Y. 268; *Turk* v. *Ridge*, 41 N. Y. 206; *Barker* v. *Bradley*, 42 N. Y. 316; *Arnold* v. *Lyman*, 17 Mass. 400; 9 Am. Dec. 154.) The order should be affirmed.

SEARLS, C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion the order is affirmed.