[S. F. No. 1694.   Department Two.—November 2, 1900.]

SAMUEL TEVIS, Appellant, v. O. H. SAVAGE, Respondent.
FERON & BALLOU COMPANY, Appellant.

Statute of Frauds—Verbal Promise to Answer for the Debt of An-
other—Receipt of Property—Original Obligation.—A mere verbal
promise to answer for the debt or default of another person
is void under the statute of frauds; but a verbal promise made
by one who has received property from the debtor under an
agreement to apply it or its proceeds in payment of his debt ·
to another person is founded upon a sufficient consideration,
and is an original obligation, not within the statute of frauds.

Id.—Promise of Corporation Purchasing Fruit—Payment of Ven-
dor's Debt—General Agency—Agent not Liable.—A verbal prom-
ise by the general agent of a corporation which, through
the general agent, purchased fruit from a vendor, who had
before purchased it from the plaintiff upon credit, that the
corporation would see the plaintiff paid, and that when it
sold the purchased fruit and received returns he would pay
plaintiff's bill, is binding upon the corporation; but the agent,
who was dealt with and treated as such by the plaintiff, can-
not be held personally liable upon the promise.

Id.—Originality of Promise—Possession of Fruit—Indebtedness to
Vendor.—The promise of the corporation to pay the debt of its ven-
dor to the plaintiff was original, and not within the statute
of frauds, regardless of whether the fruit was received by it
upon the understanding that it was to pay the plaintiff from
the proceeds, or whether, after the possession of the fruit
was received and while it still owed its vendor therefor, it
undertook to apply the proceeds of sale to the payment of
its vendor's debt to the plaintiff.

APPEALS from an order of the Superior Court of Santa
Clara County granting a new trial as to the corporation ap-
pellant and denying it as to the defendant respondent. A.
S. Kittredge, Judge.

The facts are stated in the opinion.

C. D. Wright, and John Reynolds, for Samuel Tevis, Appel-
lant.

J. R. Welch, for Feron & Ballou Company, Appellant, and
for Respondent Savage.

COOPER, C.—This action was brought to recover of defendants the sum of seventeen hundred and sixty-two dollars, balance due for sale of fruit by plaintiff to one Herbert during the year 1896. The complaint alleges that defendants willfully and fraudulently represented to plaintiff that they were backing Herbert in buying fruit, and that any contract that he might make with Herbert would be performed on his part. That the defendants promised to pay, or guaranteed the payment of, the amount that should become due to plaintiff by reason of sales of fruit to Herbert during the season of 1896. Upon the close of plaintiff's testimony the court granted a nonsuit as to both defendants, and judgment was accordingly entered. Plaintiff made a motion for a new trial, which was denied as to defendant Savage and granted as to defendant corporation. Plaintiff appeals from the order denying his motion as to defendant Savage, and defendant corporation appeals from the order granting the motion as to it. By stipulation both appeals are brought up and argued upon the same record. The question to be determined is as to the correctness of the ruling of the court in granting the nonsuit. The learned judge of the court below, in an opinion printed in one of the briefs, sets forth the gist of the evidence and the reasons which impelled him to grant a new trial as to the defendant corporation and to deny it as to defendant Savage.

It appears from the evidence that Herbert went to plaintiff to buy his fruit in the latter part of July, 1896, and defendant Savage, as the agent, and not otherwise, of the defendant corporation, went with him. Savage told plaintiff that he was the agent of the corporation, and that the corporation was backing Herbert, furnishing him with money to carry on his business, handling all his fruit; that plaintiff would be perfectly safe in making any contract with Herbert for the sale of fruit, and that the corporation would see that any such contract was paid by Herbert. Savage further asked plaintiff to look into the financial standing of the corporation. On the twenty-eighth day of July, 1896, without making any inquiry into the financial standing of the corporation, plaintiff entered into certain contracts with Herbert in writing, whereby he agreed to sell, and Herbert agreed to buy, the fruit of

plaintiff upon the terms therein named. About two weeks after entering into these contracts plaintiff inquired as to the financial standing of the corporation, and was informed that it was perfectly responsible. Plaintiff then delivered the fruit to Herbert under the contracts made with Herbert alone. Plaintiff states that he looked primarily to Herbert to pay for the fruit sold to him, and if he did not pay then to the corporation. The evidence does not show any willful misrepresentation or bad faith, or intent to deceive on the part of either of the defendants. It shows that there was no contract or agreement in writing by either of them to answer for the debt, contract, or default of Herbert. The agreement, therefore, if such there was, to answer for the debt, default or miscarriage of Herbert was void. (Civ. Code, sec. 1624, subd. 2; *Clay v. Walton,* 9 Cal. 328, 333; *Ellison v. Jackson Water Co.,* 12 Cal. 542, 553; *Harris v. Frank,* 81 Cal. 280, 286.)

The evidence shows that in all the transactions the defendant Savage was only the agent of the corporation and was dealt with and treated as such by plaintiff. He was introduced to plaintiff as such agent, and plaintiff in his testimony says that Savage said to him, "I represent the Feron & Ballou Company and they will see you paid." It follows that the court properly granted the nonsuit as to defendant Savage. But a different state of facts is presented as to the corporation. It has before been shown that the corporation did not become bound to pay the debt of Herbert originally. But under the contract made by the corporation with Herbert it received the fruit sold by plaintiff to Herbert. It appears from the testimony (which we must presume to be true on the motion for nonsuit) that Herbert paid plaintiff seven hundred and fifty dollars, and one thousand dollars more was due upon the delivery of the fruit as the first payment under the contract. The contract provided that one-half should be due upon the completion of the delivery of the fruit by plaintiff, and the balance sixty days thereafter. The plaintiff then, having delivered all the fruit to Herbert, and the defendant corporation having received it all from Herbert, demanded the balance of the one-half due upon delivery, to wit, one thousand dollars. Plaintiff went with Herbert to Savage, the agent

of the corporation, and Savage stated to plaintiff that he
had made arrangements with the Union Savings Bank for Her-
bert to draw a check for the one thousand dollars, and Her-
bert accordingly drew and delivered to plaintiff the check for
one thousand dollars, which was paid. Savage went with plain-
tiff to the bank to collect the check, and on the way to the
bank said to plaintiff, "That Mr. Herbert's credit was good;
that he was entitled to credit, and that the goods had all been
sold as fast as they were delivered; he was waiting on returns
from them to pay us out of the proceeds of Mr. Herbert's
fruit." Savage requested plaintiff to allow the money to re-
main in the bank for a month, as this would the more easily
enable him to raise at the same bank the final payment when
it became due. Plaintiff left the money in the bank as re-
quested by Savage. Savage further stated to plaintiff, in the
same conversation, "That the fruit had been forwarded, and
as fast as the returns came in we would be paid out of the
proceeds of the fruit." Savage further said to Mr. Wright,
the attorney for plaintiff, "That the fruit had gone forward,
and just as soon as they received returns from the consign-
ment that the fruit would be paid for. . . . . He said that
as soon as the returns came in he would pay plaintiff's bill.
. . . . Savage said that they had money on hand to pay all
of Herbert's bills; that he had made money and said he would
clear at least two thousand dollars."

Herbert testified that after the fruit had been delivered he
was at defendant's office, and there in the presence of plain-
tiff Savage wrote on a piece of paper in effect: "Now, I tell
Mr. Tevis when the balance becomes due to come to me and
I will give him check for the amount and charge the same
to your account, and you can give me a check to cover it."
The witness said that he was hard of hearing, and that for
this reason Savage wrote on the slip of paper as he often did
in talking to witness. This testimony shows that after plain-
tiff had been paid the first installment of seventeen hundred
and fifty dollars, and at the time the last check of one thou-
sand dollars was given, the fruit was all in the hands of the
corporation; that Savage promised to pay plaintiff out of the
proceeds of the fruit; that Herbert was present and made no
objection to the arrangement.

Now, the corporation had received the property of Herbert. The fruit of plaintiff had been delivered to it. It owed Herbert for the fruit and undertook and promised, not to pay the debt of another, but its own debt to Herbert. True, it was to be paid to plaintiff, but it was still the debt of the corporation, and plaintiff was by consent substituted as the party to whom payment should be made. Instead of being bound to pay Herbert, after the promise the corporation was bound to pay plaintiff. The statute does not require the promise of one to pay his own debt to be in writing. If a person by promising to pay his own debt thereby engages to pay the debt of another, this incidental effect does not render the promise void or ineffectual. It is provided in subdivision 1, section 2794, of the Civil Code that the promise to answer for the obligation of another is deemed an original obligation of the promisor and need not be in writing "where the promise is made by one who has received property of another upon an undertaking to apply it pursuant to such promise."

The evidence very strongly tends to show that the corporation received the fruit upon an understanding that it was to pay plaintiff from the proceeds; but whether it does or not, and conceding that it does not, it certainly *prima facie* shows that after defendant had received the fruit it undertook to apply the proceeds to the payment of Herbert's debt to plaintiff. We think for the same reasons the rule would apply to the corporation, if it made the promise while the fruit was in its hands and while it still owed Herbert for it. This view is sustained by the supreme court of Pennsylvania in *Dock v. Boyd*, 93 Pa. St. 92. The court said: "That Dock had means in his hands belonging to Miller was in evidence, . . . . upon the faith of which his verbal promise to pay the debt was accepted. Such being the case, it was clearly not within the statute of frauds. . . . . The promise is not a collateral but an original one, founded on sufficient consideration."

That such promise is not within the statute of frauds, see Brandt on Suretyship and Guaranty, sec. 49; Brown on the Statute of Frauds, sec. 187; *McLaren v. Hutchinson*, 22

Cal. 187, 190[1]; *Malone v. Crescent City Mill etc. Co.*, 77 Cal. 38, 43; *Fullam v. Adams*, 37 Vt. 391, 403; *Robinson v. Gilman*, 43 N. H. 485, 491.

As Savage was the general agent of the corporation in purchasing dried fruit on the Pacific Coast and managing all its business here, he had the power to make the promise to pay the proceeds of the fruit to plaintiff under the circumstances of this case. (Civ. Code, sec. 2310; Wharton on Agency, secs. 121, 122; Story on Agency, secs. 50, 60; *Hays v. Campbell*, 55 Cal. 424[2]; *Hoskins v. Swain*, 61 Cal. 338, 340.)

What has been said in this opinion is to be construed only as having reference to the ruling on the nonsuit and order granting a new trial. The facts, of course, will have to be determined at the trial upon all the testimony.

We advise that the orders be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the orders are affirmed.     Henshaw, J., McFarland, J., Temple, J.

Hearing in Bank denied.

---

[1] 83 Am. Dec. 59.        [2] 36 Am. Rep. 43.