[Sac. No. 930.  Department Two.—August 7, 1902.]

# H. E. WILLIAMSON, Appellant, v. ALFRED JOYCE et al., Respondents.

APPEAL—ORDER REFUSING TO SETTLE BILL OF EXCEPTIONS.—Assuming that an order made after judgment refusing to settle a bill of exceptions is appealable, yet, in the absence of a bill of exceptions, there being nothing to show error in the order, such appeal must be disregarded.

FORECLOSURE OF LIEN FOR SEWER-WORK—BAR OF STATUTE—PLEADING— AMENDMENT—DEMURRER.—Where the verified complaint in an action to foreclose a lien for sewer-work showed on its face that the warrant, diagram, and assessment were recorded more than two years prior to the commencement of the action, and that it was therefore not commenced within the lifetime of the lien, and the amended complaint wholly omitted to state the material fact of the date of the record, the court was justified in assuming that the original statement of the date could not truthfully be amended to obviate the objection to the original complaint, and properly sustained a demurrer to the amended complaint, without further leave to amend.

ID.—TIME OF OCCURRENCE OF MATERIAL FACTS.—The time of the occurrence of material facts must be alleged with certainty, especially where the date is itself material.

ID.—FINALITY OF JUDGMENT.—A final judgment against the plaintiff in an action to foreclose a lien, upon demurrer to the complaint by the owner of the lot, in effect determines all issues as against other parties made defendants as having some interest in the premises subordinate to the alleged lien.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order refusing to settle a bill of exceptions. Joseph H. Budd, Judge.

The facts are stated in the opinion.

Joshua B. Webster, for Appellant.

S. M. Spurrier, for Alfred Joyce, Respondent.

Charles De Legh, for David Winders, Respondent.

SMITH, C.—Judgment was entered in the lower court in favor of the defendant Joyce, on demurrer to the complaint, from which and from a subsequent order refusing to settle his bill of exceptions the plaintiff appeals. The latter appeal, however, (assuming the order to be appealable,) must be disregarded, as, in the absence of a bill of exceptions, there is nothing to show error. We have to consider, therefore, the appeal from the judgment only.

The suit was brought to enforce a lien for sewer-work on the property of the defendant Joyce,—the other defendants (who at the time of the judgment had not been served) being made parties, as having or claiming some interest in the premises subordinate to plaintiff's lien. It is recited in the judgment that the original complaint was filed March 25, 1900, and that it alleged that the warrant, diagram, and assessment were recorded March 17, 1898. It thus appeared that the suit had not been commenced within the two years of the lifetime of the lien (Street Work Act, sec. 9) ; and on this ground, among others, a demurrer to the complaint, interposed by the defendant Joyce, was sustained, with leave to amend. The amended complaint merely alleges that "the warrant, diagram, and assessment . . . were duly recorded," omitting the date; and on the ground of this omission a demurrer interposed by the same defendant was sustained, without leave to amend, and judgment entered accordingly. The grounds for reversal urged by the appellant are, that the amended complaint is not defective; that it was an abuse of discretion in the court to sustain the demurrer without leave to amend; and that the judgment was prematurely entered.

The first of these objections is clearly untenable. It is a familiar rule of pleading that the time of the occurrence of material facts must be alleged with certainty (18 Am. & Eng. Ency. of Law, 569; Bliss on Code Pleading, sec. 296;

Code Civ. Proc., sec. 430, subd. 7); and the rule is especially applicable where, as in this case, the date itself is material.

The second objection is also untenable. The court, in the absence of a showing to the contrary, was justified in assuming that the date of the record of the diagram, warrant, and assessment was correctly given in the original complaint (which was verified), and in thus inferring, as it did, that the complaint could not be truthfully amended so as to obviate the objection.

The last objection is also without merit. It is doubtless "requisite that a judgment, in order to be final, should determine all the issues involved in the cause" (Black on Judgments, secs. 23, 24); and this implies that the issues as to all the defendants should be disposed of, and that ordinarily there should be but one judgment disposing of all the questions arising in the case. (*Paige* v. *Roeding,* 96 Cal. 390; *Colton etc. Co.* v. *Swartz,* 99 Cal. 282; 11 Ency. of Pleading and Practice, 866, and cases cited.) But here the judgment, in effect, disposes of the case, not only as to the defendant Joyce, but as to the other defendants also; and the rule is therefore fully satisfied.

We advise that the judgment be affirmed.

Gray, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.        McFarland, J., Temple, J., Henshaw, J.