[Civ. No. 344.   First Appellate District.—July 10, 1907.]

## E. J. NORTHUP, Respondent, v. ALTADENA MINING AND INVESTMENT SYNDICATE, and the NORTHUP PIANO HOUSE, Appellants.

ACTION ON NOTE—TRANSFER OF BUSINESS BY MAKER—ASSUMPTION OF DEBTS BY TRANSFEREE—PROMISE FOR BENEFIT OF PLAINTIFF.— Where the business of the maker of a note was transferred to a corporation which assumed all the liabilities of the maker, including the note, the promise of the transferee was for the benefit of the plaintiff, and he may maintain an action thereon against such corporation.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order denying a new trial.   A. L. Rhodes, Judge.

The facts are stated in the opinion of the court.

A. A. Caldwell, for Appellants.

W. A. Beasly, and H. Ray Fry, for Respondent.

KERRIGAN, J.—This is an action upon a promissory note. Plaintiff had judgment against both defendants, and from this judgment and an order denying their motion for a new trial defendants appeal.

In June, 1903, plaintiff, who for several years prior to that time had been a piano and music dealer in the city of San Jose, conducting business under the name of the "Northup Piano House," sold that business to the Altadena Mining and Investment Syndicate (hereinafter called the Altadena Syndicate), and took from it in consideration therefor the note in suit, payable August 27, 1904.   September 19, 1903, the business conducted under the name of the Northup Piano House was incorporated.   December 29, 1903, the business of the Northup Piano House, including all accounts, leases, books, fixtures, etc., by an instrument in writing, was transferred from the Altadena Syndicate to the newly organized Northup Piano House, a corporation.   The latter cor-

poration, as a consideration for the transfer, gave the Altadena Syndicate three thousand shares of its capital stock, and agreed to pay its debts, including the promissory note in suit here of $2,000. The Northup Piano House corporation has paid all the debts of the Altadena Syndicate thus assumed except this note, and it has paid part of that. The Northup Piano House business was the principal asset of the Altadena Syndicate.

The question for decision is whether the appellant Northup Piano House, a corporation, is liable to respondent on this contract—respondent claiming that it was made for his benefit.

To recapitulate the terms of the contract, appellant corporation Northup Piano House accepted a transfer from the Altadena Syndicate of the Northup Piano House business, and as a part of the consideration therefor agreed to pay the debts of the latter, including respondent's note. This contract was made for the benefit of respondent, and he has a right of action founded on it. (See Civ. Code, sec. 1559; *McLaren* v. *Hutchinson*, 22 Cal. 190, [83 Am. Dec. 59]; *Sacramento Lumber Co.* v. *Wagner*, 67 Cal. 295, [7 Pac. 705]; *Malone* v. *Crescent M. & T. Co.*, 77 Cal. 44, [18 Pac. 858]; *Tevis* v. *Savage*, 130 Cal. 411, [62 Pac. 611]; *Washer* v. *Independent M. & D. Co.*, 142 Cal. 702, [76 Pac. 654].)

In the case of *McLaren* v. *Hutchinson*, 18 Cal. 80, Hutchinson purchased land from Beach, and as a part of the consideration therefor agreed to pay the debts due to McLaren from Beach. It was held that McLaren, the plaintiff, was not a party to the agreement, and the action could not be maintained. Speaking of this case, the supreme court, in *Lewis* v. *Covillaud*, 21 Cal. 189, said: "Since the case of *McLaren* v. *Hutchinson*, 22 Cal. 190, [83 Am. Dec. 59], has been decided, the matter has frequently been called to our attention, and we are by no means satisfied with the rule laid down. The agreement was founded upon sufficient consideration, and the modern doctrine in such cases seems to be in favor of the maintenance of the action."

In the case of *Sacramento Lumber Co.* v. *Wagner*, 18 Cal. 80, it is said: "We are satisfied that an action like that described in *McLaren* v. *Hutchinson*, 22 Cal. 190, [83 Am. Dec. 59], may be maintained."

This disposes of the principal point in the case. Other matters discussed in the briefs do not merit attention. It follows that the judgment and order appealed from should be affirmed, and it is so ordered.

Cooper, P. J., and Hall, J., concurred.