[Civ. No. 3496. Second Appellate District, Division One.—April 8, 1921.]

## THEODORE BESSING, Appellant, v. JAMES PRINCE, Respondent.

[1] CONTRACT—SALE OF VIBRATORS—EXPENSES INCURRED IN MAKING RESALES—PLEADING—INSUFFICIENCY OF COMPLAINT.—A complaint in an action for damages for breach of a contract appointing the plaintiff as the direct and exclusive agent for the sale of a vibrator for printing-presses and providing for their sale to the plaintiff at a fixed price and their resale at a price agreed upon by the parties, fails to state a cause of action for reimbursement for money expended in endeavoring to make sales, in the absence of an allegation of an agreement fixing the resale price, or of an averment as to the price at which they could have been resold if they had been furnished of a kind and quality fit for sale.

[2] ID.—PROFITS OF FUTURE SALES—INSUFFICIENCY OF COMPLAINT.— Such a complaint fails to show a basis for the recovery of profits of future sales, in the absence of an allegation as to the number of vibrators plaintiff could have sold, or at what price they could have been sold, or that plaintiff ever demanded delivery of any number other than those alleged to have been delivered.

[3] ID.—LOSS OF PROFITS ON DELIVERED VIBRATORS—SUFFICIENCY OF
COMPLAINT.—Such a complaint sufficiently alleges a cause of action
for loss of profits on the vibrators delivered which were not mer-
chantable and salable by reason of defective manufacture, where
it is alleged that plaintiff complied with all the terms of the con-
tract on his part to be performed.

APPEAL from a judgment of the Superior Court of Los
Angeles County. Grant Jackson, Judge. Reversed.

The facts are stated in the opinion of the court.

Duke Stone for Appellant.

Griffith Jones and John J. Craig for Respondent.

CONREY, P. J.—On the twenty-sixth day of July, 1918,
a contract in writing was entered into between Bessing, as
party of the first part, and Prince, as party of the second
part, which contained the following terms: It was stated
therein that Prince appointed Bessing as his "direct and
exclusive representative and agent" for certain western
states for a period of one year from the date of the contract.
In consideration of Bessing's selling the Prince vibrator for
printing-presses, and all improvements thereon, during the
period of twelve months from that date "according to price
agreed upon by both parties hereinafter mentioned the gross
amount of $10,000" for the described territory, the contract
was to renew itself automatically. Prince agreed to fur-
nish to Bessing "each of the three sizes of the Prince
vibrator for printing presses at ten dollars per vibrator
complete for service and shipment in Los Angeles, Cali-
fornia." It was further agreed that "should party of the
second part fail to produce the vibrators in sufficient quan-
tity to fill his orders, then the party of the first part shall
have the right to manufacture in sufficient quantity to fill
the contract made, and paying the party of the second part
five dollars ($5) as royalty for each vibrator so made and
sold." Bessing brought this action to recover damages for
breach of the contract.

The second amended complaint alleged, "that at no time
has the defendant furnished to the plaintiff any vibrator or
vibrators complete for service and shipment in Los Angeles,
though plaintiff has continuously since the execution of said

contract demanded them, but, on the other hand, has furnished to this plaintiff about fifty vibrators which were not complete for service or shipment and which were not merchantable or usable or salable, and which would not perform the purpose for which they were made and for which they were to be sold by the plaintiff, in that the same were defectively manufactured and would not perform the work required of them on a printing-press, by reason of all of which the vibrators sold by the plaintiff and which were furnished to the plaintiff by the defendant under said contract were wholly unfit for the purpose for which they were sold; and that defendant has at all times since the execution of said contract failed and refused after demand to furnish to plaintiff vibrators complete for service and shipment; that in endeavoring to sell said vibrators under the agreement hereinbefore mentioned, the plaintiff was put to the actual and reasonable expense of $316.70, the same being the actual expenses reasonably and necessarily incurred by plaintiff in an effort to sell said vibrators; and that the profit on the fifty vibrators furnished to the plaintiff by the defendant, and which could have been sold, and plaintiff's profit thereon realized, if the said vibrators had been usable, merchantable, or salable, would have been at least the sum of $500; that by reason of defendant's failure to furnish plaintiff vibrators complete for service and shipment as aforesaid, the plaintiff was unable to sell any of said vibrators, and unable to realize any profit on the same, or on any of the said fifty vibrators so furnished, and was deprived of the profits of future sales; and that in truth and in fact if said vibrators had been complete for service and shipment as required by said contract, the plaintiff 'would have realized at least $2,500 on sales'; that the defendant at all times knew that the plaintiff was incurring said expense which was reasonable and necessary in an honest effort to sell said vibrators; and further, that the profits to the plaintiff if the vibrators had been complete for service and delivery would have been at least the sum of $2,500, and that solely for said reasons plaintiff was unable to make and complete sales thereof to the damage of the plaintiff in the sum of $2,500, all of which was known to the defendant; and that it was well known to the defendant at the time of the execution of said contract, and at all times since, that

the purpose of said vibrators so to be furnished the plaintiff was for sale to persons operating printing-presses; and that the quality of the vibrators so furnished was not such as to make them merchantable or usable in any way; and that defendant has at all times since the making of said contract refused to furnish to this plaintiff any vibrators except those that were not merchantable or usable as above specified.'' To this complaint the defendant demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was sustained. The plaintiff, having failed to further amend, judgment was entered dismissing the action. From this judgment the plaintiff appeals.

[1] Although the contract began with the statement that respondent appointed appellant as his agent, the contract as a whole shows that it was not a contract of agency, but, on the contrary, was a contract whereby respondent agreed to sell the vibrators to appellant at the price of $10 for each vibrator. It was specified in the terms, which we have quoted, that appellant should sell the articles at a price agreed upon by both parties. The complaint does not state what this agreed price was or that the parties ever arrived at an agreement fixing the price at which the articles were to be sold. The complaint nowhere states the price at which they could have been sold by appellant if they had been furnished by respondent of a kind and quality fit for sale. Since the contract was not a contract of agency, the facts alleged in the complaint are not sufficient to establish the existence of any obligation on the part of respondent to reimburse appellant for the expenses incurred by appellant in endeavoring to make sales. [2] The complaint does not state what number of vibrators appellant could have sold, or at what price they could have been sold by him, or that appellant ever ordered or demanded delivery of any number of vibrators other than the fifty which were delivered. Therefore, no basis is shown for the recovery of ''profits of future sales.''

[3] From the facts above stated it seems clear that no cause of action for any damages has been stated, unless it be for loss of profits on the fifty vibrators which were ordered and delivered, and which, as stated in the complaint, were not complete for service and were not merchantable or

usable, and which would not "perform the purpose" for which they were made, in that they were defectively manufactured and would not perform the work required of them on the printing-press. Since appellant, in his complaint, has not sought to recover any money paid by him for these vibrators, it might be inferred that he has never paid for them, although apparently they are still in his possession. But this inference is prevented by the general allegation that the plaintiff has complied with each and all of the terms of the contract on his part to be performed. This being true, he has a valid claim against respondent to recover damages equivalent to the amount of profits which he would have realized by selling the vibrators if they had been fit for resale.

The judgment is reversed.

Shaw, J., and James, J., concurred.