[Civ. No. 28438. Second Dist., Div. Two. May 3, 1965.]

AVALON PAINTING COMPANY, Cross-complainant and Appellant, v. ALERT LUMBER COMPANY, INC., Cross-defendant and Respondent.

---

*Assigned by the Chairman of the Judicial Council.

Brown & Brown and Howard B. Brown for Cross-complainant and Appellant.

Horton & Foote and Joseph K. Horton for Cross-defendant and Respondent.

ROTH, P. J.—This appeal is from a judgment against Avalon Painting Company (appellant) predicated upon an

order sustaining a demurrer to the first amended cross-complaint of appellant.

In this action a complaint was filed on January 14, 1963, sounding in breach of contract and breach of warranty by Jerold Homes, Inc. against Synkoloid Company and appellant as named defendants and against a number of fictitious defendants.

The facts giving rise to the complaint by Jerold Homes, Inc. and the cross-complaint as they appear from said pleadings are as follows:

In May of 1961, Synkoloid, one of the defendants in the complaint and one of the cross-defendants in the cross-complaint, in order to induce appellant, a painting contractor, to purchase ''Synkoloid Spraywell Texture Paint,'' represented orally and in writing to appellant that said product would replace the texture material and coat of sealer customarily used by appellant in its various painting contracts and that said product was of excellent A1 quality and would do a better job than their texture material or sealer, theretofore separately used and that said product in fact would do a perfect job. Synkoloid, however, stated to appellant that it could not sell the product directly to it but could and would sell to appellant by and through named retailers, specifically mentioning one of the named cross-defendants, Alert Lumber Company, Inc., respondent herein. Predicated upon said representation, the product in question was purchased by appellant direct from respondent and was used by appellant in approximately 1,405 dwellings, homes, stores, industrial establishments and apartment houses, including 126 houses built by Jerold Homes, Inc., the plaintiff.

Some time after May 1962, appellant discovered that the product was not of the character represented but was in fact inferior and of defective quality and contained defective materials and ingredients so as to cause the surfaces upon which it had been used to become spoiled and discolored, to bleed and to cause spots and fungus to appear wherever it was used. As a direct result of these defects appellant was compelled to and has removed and alleges it will be compelled to remove the product applied on the surfaces mentioned, as a consequence of which it has suffered the damages for which it prays.

On February 8, 1963, appellant answered the complaint and cross-complained against Synkoloid, Alert, respondent herein, and other named cross-defendants and certain fictitious cross-defendants. The original cross-complaint was in four causes of

action. The first was for breach of express and implied warranties made by Synkoloid to appellant. The second realleged all the allegations of the first and continued to allege that respondent knew the purpose for which appellant purchased the product involved ". . . that is, to use in applying a texture and sealer to various establishments and . . . warranted the same to be in all respects fit and proper for such purposes.'' The third realleged all the allegations of the first and went on to allege that respondent ". . . warranted that said product was of good quality.'' The fourth repeated all the allegations of the first and went on to allege that ". . . 'Synkoloid' negligently, recklessly and carelessly manufactured and made said texture material and product so as to cause it to and it did when used cause the surfaces upon which it had been applied to bleed, to become spoiled, discolored and to cause spots and fungus to appear on said surfaces.'' From the foregoing it will be noted that the first and fourth causes of action appear to be directed against Synkoloid alone.

The said cross-complaint in its first cause of action in pertinent part alleged the facts as follows: that (a) Alert (respondent herein) and several others were "retailers"; (b) they "were, at all times herein mentioned, acting as agents of and for the cross-defendant 'Synkoloid' ''; (c) Synkoloid, in order to induce appellant to purchase the same, made certain express representations concerning the high quality of "Synkoloid Spraywell Texture Paint'' which was to be used by appellant in various painting contracts and subcontracts; (d) appellant "purchased said product in reliance on said warranties and representations''; (e) Synkoloid stated it could sell by and through its retailers who would act as its agents; (f) the paint so purchased was defective and as a result of such defect appellant has been and will be compelled to remove the paint and re-do the walls upon which it was used; (g) damages resulted to appellant from the costs of repainting the walls and from the loss of future profits. Demurrer to the cross-complaint was sustained with leave to amend.

The allegations of the first cause of action of the amended cross-complaint are identical to those of the original cross-complaint with these differences: (a) the allegation that "cross-defendant 'retailers' were, at all times herein mentioned, acting as agents of and for the cross-defendant 'Synkoloid' '' is omitted, and in lieu thereof it is alleged that "Cross-defendant 'retailers,' at all times herein mentioned, were retailers selling the product hereinafter referred to for

the cross-defendant 'Synkoloid' ''; (b) an allegation is added that appellant purchased the paint "from defendant 'retailers' '' instead of alleging only that appellant purchased the product in reliance on the representations and warranties of Synkoloid.

Respondent again demurred. Appellant stated it would be unable to allege further facts. The demurrer was then sustained without leave to amend.

The crucial allegation appears to be the one in the first cause of action of appellant's original cross-complaint to the effect that respondent and other cross-defendants are "retailers" ". . . who would act as cross-defendant's [Synkoloid] agents for the purposes of selling its product to the [appellant]." As pointed out the amended cross-complaint omits all references to agency and alleges specifically that respondent was a retailer selling the product of Synkoloid, and that appellant purchased Synkoloid products from respondent.

Respondent contends that the pleadings clearly show that respondent was in fact an "agent" of Synkoloid, the manufacturer; that an action for breach of warranty is an action in contract; and that in an action for breach of contract, including breach of warranty, the known agent of a disclosed principal is not personally liable (*Hayman* v. *Shoemake,* 203 Cal.App.2d 140, 159 [21 Cal.Rptr. 519]; *Tevis* v. *Savage,* 130 Cal. 411, 413 [62 P. 611]; *Marks* v. *Jos. H. Rucker & Co.,* 53 Cal.App. 568, 570-571 [200 P. 655]).

If the pleadings do in fact establish respondent as an "agent" of the manufacturer, then the rule of *Hayman, supra,* is applicable. We feel, however, that the *Hayman* rule, the soundness of which we do not question, does not reach the facts as disclosed by the pleadings in the case at bench.

The second and third causes of action of appellant's amended cross-complaint, taken alone, state causes of action against respondent. The general rule, of course, is that the amended pleadings completely supersede all prior pleadings and extinguish them for the purposes of demurrer. (*Viera* v. *Viera,* 107 Cal.App.2d 179, 180 [236 P.2d 630]; *Puchta* v. *Rothman,* 99 Cal.App.2d 285, 291 [221 P.2d 744]; *Foster* v. *Keating,* 120 Cal.App.2d 435, 452 [261 P.2d 529]; *O'Melia* v. *Adkins,* 73 Cal.App.2d 143, 147 [166 P.2d 298]; *O'Brien* v. *O'Brien,* 50 Cal.App.2d 658, 660-661 [123 P.2d 877].)

Respondent, however, invokes the well-settled excep-

tion to the general rule that facts once alleged in a verified complaint cannot be withdrawn from consideration by merely filing an amended pleading which omits them without explanation. (*Payne* v. *Bennion*, 178 Cal.App.2d 595, 603 [3 Cal.Rptr. 14]; *Slavin* v. *City of Glendale*, 97 Cal.App.2d 407, 410 [217 P.2d 984]; *Lee* v. *Hensley*, 103 Cal.App.2d 697, 709 [230 P.2d 159]; *Wennerholm* v. *Stanford University School of Medicine*, 20 Cal.2d 713, 716 [128 P.2d 522, 141 A.L.R. 1358]; *Williamson* v. *Joyce*, 137 Cal. 151, 153 [69 P. 980].)

It is clear from an analysis of the cases which support the exception to the general rule that when the fact omitted or changed in an amended pleading is clear or "basic", a court has no problem to determine the honesty of the change or omission. See *Wennerholm* v. *Stanford University School of Medicine, supra,* where the omitted or changed allegation was that plaintiff took the injurious medicine on a prescription from her physician; *Lee* v. *Hensley, supra,* where subsequent pleading omitted the date of discovery of the fraud; *Williams* v. *International Longshoremen's & Warehousemen's Union, Local 10,* 172 Cal.App.2d 84, 86 [341 P.2d 729], where an essential date was omitted.

The exception appears to have made its first appearance in this state in the case of *Williamson* v. *Joyce*, 137 Cal. 151 [69 P. 980]. There, the first complaint alleged in part the date of recording of the warrant, diagram, and assessment for sewer work. Since the two-year statute of limitations, measured from that date, had obviously passed, a demurrer was sustained with leave to amend. The first amended complaint then simply omitted the date of recording. A second demurrer was sustained without leave to amend. In *Williamson, supra,* the court said at page 153:

"The court, in the absence of a showing to the contrary, was justified in assuming that the date of the record of the diagram, warrant, and assessment was correctly given in the original complaint (which was verified), and in thus inferring, as it did, that *the complaint could not be truthfully amended* so as to obviate the objection." (Italics added.) See also 2 Witkin, California Procedure (1954) pages 1603-1604.

The essential reason for allowing amendments to supersede prior allegations of fact is well stated in *Jackson* v. *Pacific Gas & Electric Co.,* 95 Cal.App.2d 204, at page 209 [212 P.2d 591]:

"The province and purpose of the law is to ascertain the

184

real facts and to administer justice in light of such facts. It would seem to be a travesty on justice if a litigant had inadvertently, ignorantly and erroneously stated as a fact, without fault on his part, an admission against interest, if he were to become bound thereby and would not be permitted upon proper showing to correct the innocent error and assert the true fact in that regard.''

██ A litigant should not be allowed to abuse the privilege of amendment. If the amended pleading is only a sham, and it is apparent that no cause of action can truthfully be stated, the court should disregard that pleading. This we take to be the origin and purpose of the so-called ''exception'' invoked by respondent.

██ The pleadings before us however pose a real question as to whether respondent was one of many retailers selected to sell Synkoloid products as a separate and independent entity or an entity which was in the relationship of an agent to Synkoloid, in the legal connotation and implication of that relationship. A Ford dealer or retailer may in a layman's view be an agent of the Ford Motor Co., but he is not an agent in the legal sense of that relationship. (*Vandermark* v. *Ford Motor Co.,* 61 Cal.2d 256 [37 Cal.Rptr. 896, 391 P.2d 168].)

██ While the existence of agency is generally considered a question of fact, (*Brokaw* v. *Black-Foxe Military Institute,* 37 Cal.2d 274, 278 [231 P.2d 816]) it is also true that the term ''agent'' is a conclusion based on a study of all the evidence concerning the relationship of the parties involved; (*Brokaw* v. *Black-Foxe Military Institute, supra,* at p. 278; *Willey* v. *Clements,* 146 Cal. 91, 96 [79 P. 850]; *Rezos* v. *Zahm & Nagel Co.,* 78 Cal.App. 728, 731 [246 P. 564].)

██ In the case at bench we are dealing with an allegation of agency which amounts to a conclusion of law and is not only subject to differing constructions but it is one which in the original pleadings was coupled with an allegation that the party or parties in question were retailers and other facts indicating that Synkoloid, the original source, sold its products only through certain outlets.

This is not a situation in which the omission, substitution, or contradiction of an original allegation carries with it the onus of untruthfulness. Indeed, the cases show that the determination of the existence of agency may be a complex and difficult task. A final conclusion can be reached on the decisive fact in question only after evidence has been taken.

Taking both cross-complaints into consideration, (*William-*

*son* v. *Joyce, supra*; *Hart* v. *Gudger*, 153 Cal.App.2d 217, 222 [314 P.2d 549]) there is a probability that the relationship between respondent and Synkoloid, the manufacturer, was one of buyer and seller, not principal and agent (see *Howard* v. *Hancock Oil Co.*, 68 F.2d 694; *Bessing* v. *Prince*, 52 Cal.App. 190 [198 P. 422]); that appellant in fact purchased the paint directly from respondent, and that respondent was acting as a retailer—that is, a seller—and not as an agent for Synkoloid.

█ Rules of pleading are conveniences to promote justice and not to impede or warp it. ██ We do not question the rule that all allegations of fact in a verified complaint which are subsequently omitted or contradicted are still binding on the complainant. The rule is valid and useful, but it does not exist in a vacuum and cannot be mechanically applied. It is a good rule to defeat abuses of the privilege to amend and to discourage sham and untruthful pleadings. It is not a rule, however, which is intended to prevent honest complainants from correcting erroneous allegations of generic terms which may have legal implications but which are also loosely used by laymen or to prevent correction of ambiguous facts. It is unfortunate that lawyers sometimes plead without anticipation of possible consequences and rely too heavily upon the law of the state and the attitude of the courts to construe pleadings liberally.

The judgment is reversed with directions to overrule the demurrer.

Herndon, J., and Fleming, J., concurred.

A petition for a rehearing was denied May 26, 1965, and respondent's petition for a hearing by the Supreme Court was denied June 30, 1965.