## BENNETT *v.* SOLOMON.

The consideration of the assignment of a personal chattel or *chose in action*, may be proven by parol, and a different one established from that expressed in the instrument.

Under our system a mortgage is a mere incident to the debt secured by it, and as the debt secured by it, and as the consideration for endorsing a note can be gone into at any time, there can be no reason for adopting a more stringent rule as to the assignment of the mortgage securing it.

As to instruments under seal generally, the American rule seems to be, that the consideration clause in a deed can be explained by parol proof, at least where the consideration proven is of the same species as that mentioned in the instrument.

APPEAL from the District Court of the Fifth Judicial District, County of Tuolumne.

The plaintiff, Abigail J. Bennett, brought this action against the defendant for unlawfully taking the sum of $2,196 37 in coin, the separate property of plaintiff, from the possession of her agent, who had collected it upon foreclosure of a mortgage made by one John Coe

to the husband of plaintiff, and assigned to plaintiff before her marriage. The defence set up is that the defendant, as sheriff, had seized the money under execution in a suit of Isaac N. Wright against William C. Bennett, the husband of plaintiff, and that the assignment was fraudulent and to avoid the payment of his debts, and that the consideration stated in the assignment was false, and that the money, at the time of the seizure, belonged to W. C. Bennett. The record shows that the consideration stated in the assignment was $3,000, and that the assignment was executed four days before the marriage of the plaintiff with the assignor. On the trial the plaintiff proved that the consideration of the assignment was marriage, to the introduction of which testimony defendant excepted. It was proved that the plaintiff had foreclosed the mortgage and obtained a judgment in the foreclosure suit for $4,422 26, of which part had been paid to her, and of which the money seized was also a part, in the hands of her agent.

Judgment was rendered for plaintiff in the Court below, from which defendant appealed.

*E. T. Hunter & H. P. Barber*, for Appellant.

I. The Court erred in receiving evidence of the consideration of the deed, different from that expressed in it; *i. e.*, receiving evidence that marriage was the consideration, instead of that expressed in the deed, $3000.

The deed was *attacked as fraudulent in respect to creditors*, and under these circumstances it is not permitted to prove a consideration varying from the one expressed. 2 Phil. on Ev., 3d Ed., pp. 368, 369; 2 Yerger, 582; Cowen & Hill Notes to do., Part 2, p. 619; 3 Johns. Ch. R., 481; 1 Harr. & Gill., 175; 12 Vesey, 67; 3 Mason, 347; 1 Barn. & Cres., 193.

The case of Punnot *v.* McCrea, 16 Wendell, has no reference to a case of *fraud*, and further, is a case not at *law*, but in *equity*.

Punnot *v.* McCrea has in effect been since overruled, as authority in a case at law. See dissenting opinion of Bronson, J., in 1 Hill, 606; and its affirmance by the Court of Errors, 6 Hill, 219.

Supposing that in ordinary cases a different consideration might be proved, yet in cases of fraud, the rule is well settled by authority and founded in reason, that it is otherwise. If parties charged with fraud as to creditors, can show a different consideration, then on failure of the new (or second) consideration shown, they may set up a third, and so on, *ad infinitum;* and as fast as one head of the fraudulent Hydra is lopped off, another may spring up and take its place.

II. The Court erred in allowing *parol* evidence that the deed was given *in consideration of marriage.*

The Statute of Frauds, Comp. Laws, p. 200, § 12, prescribes that "*Every* agreement, promise or undertaking made upon consideration of marriage, *except* mutual promises to marry," shall be *void*, if not in writing.

Again, Comp. Laws, 814, § 19, provides: "*No* marriage contract

shall be valid, or affect any property, *except as to the parties thereto*, till it is deposited for *record.*"

These provisions evidently show that *all* ante-nuptial contracts must be in writing.

The case then stands thus : The witness proves the consideration of the deed to have been a parol promise of future marriage : "I will marry you, if you will give me that deed." But the statute says such a promise is *void.* The Court then allowed the witness to prove, as the consideration of a deed, (*entirely* negativing its *expressed* consideration,) another and different consideration, which the statute declares *void.* In other words, the witness was permitted to prove a consideration *void* by law.

The deed, in a case where the consideration sought to be proven is void by the Statute of Frauds, must stand on its *expressed* consideration, and if that be shown false and fraudulent, it is evidence to go to the jury in favor of the creditors, and against the grantor.

The proposition reduces itself to a syllogism.

Major.    Every ante-nuptial agreement not in writing is void by statute.

Minor.    The agreement proved by the witness, was an ante-nuptial contract not in writing.

Con.    Therefore, the agreement proved by the witness was an agreement void by statute.

And the Court erred in admitting evidence of it.    *You cannot prove a parol consideration for a deed, when such consideration is void by statute.*

*L. Quint* for Respondent.

1.  Considerations for a deed are of two species, good and valuable ; a good consideration is that of blood and natural affection ; money and money's worth, and marriage, constitute a valuable consideration, which the law esteems an equivalent given for a grant.  2 Book of Blackstone's Commentaries, p. 297; Verplank *v.* Story, 12 Johns. R., 536, 549 ; Wood *v.* Jackson, 8 Wend. R., 9, 33 ; Magnian *v.* Thompson, 7 Whit. R., 389.

2.  There was no error in allowing proof of the actual consideration for the transfer of the mortgage; it was of the same species, and therefore admissible.  This doctrine seems to be the settled rule now, in almost every State in the Union.  Belloud *v.* Briggs, 7 Pick., 533 ; Johns *v.* Church, 12 Johns., 557 ; McCrae *v.* Punnot, 16 Wend., 460 ; French *v.* Green *et als.*, 5 Barbour R., 455 ; Dodge *v.* Patten & Allen, 18 id. 193 ; Jacks *v.* Coryhut, 3 Watts. R,, 151; Hasey *v.* Alexander, 1 Rand. R., 219; Effs *v.* Randolph, 2 Call's R., 103 ; Duval *v.* Bibb, 4 How. & Munf. R., 113 ; Steele *v.* Worthington, 2 Ham. R., 182; Brackett *v.* Wait, 6 Vermont R., 426 ; Mead *v.* Steign, 5 Porter's R., 498 ; Hinds, lessee, *v.* Langsmith, 11 Wheat. R., 199 ; King *v.* Scammurden, 3 Tenn. R., 474; Sueton *v.* Wheaton and Wife, 1 American Leading Cases, 49 ; 8 Wheat. R., 229 ; 1 Swift's Digest, 121; Belden *v.* Seymour, 8 Conn. R., 304.

3. If the Court erred in admitting proof of the actual consideration for the assignment, in the absence of any proof on the part of the grantee, the payment of the judgment should nevertheless be affirmed, on the ground that a voluntary conveyance, not actually fraudulent, as relates to the grantee, may be made effectual by matters *ex post facto.* Verplank *v.* Story, 12 Johns. R., 536; Wood *v.* Johnson, 8 Wend. R., 9; Cathcart *v.* Robinson, 5 Peters' R., 289; Maguire *v.* Thompson, 7 Wheat. R., 389.

And again, the notes secured by the mortgage were mere choses in action, transferable by assignment, and the mortgage is mere incident to the debt, and following it into whosoever hands it might legally come, to secure the payment thereof, without any assignment; the assignment of the debt operates as an assignment of the mortgage. Green *v.* Hart, 1 Johns. R., 590; Runger *v.* Merser, 11 Johns., 534; Jackson *v.* Curtis, 19 Johns. R., 325; Wilson *v.* Troop, 2 Con. R., 195, 231; Jackson *v.* Blodget, 5 Con. R., 202.

4. The assignment was for a valuable consideration, which was duly received by the assignor, pursuant to the agreement between all the parties. The agreement to marry was mutual; and, on its being consummated, it no longer remained an executory compact.

The opinion of the Court was delivered by Mr. Justice TERRY. Mr. Chief Justice MURRAY concurred.

The plaintiff in this case seeks to recover under an assignment of a mortgage, which assignment on its face purports to have been made in consideration of three thousand dollars.

Defendant in his answer averred that the assignment was made without consideration, with intent to defraud the creditors of the assignor, and was therefore void by the statute of frauds. On the trial the consideration was shown to be the marriage of the plaintiff with the assignor.

It is contended by appellant, that the assignment having been attacked as fraudulent, the admission of parol proof to show a consideration other than that expressed on its face, was error, and in support of this position he cites several English and American authorities, in which it is held that a deed attacked for fraud cannot be supported by proof of a different consideration than that expressed in the body of the instrument. On this point, however, the authorities are by no means uniform; the majority of the American cases being opposed to those cited. In McCrea *v.* Punnot *et al.*, 16 Wend., 460, the doctrine is elaborately discussed; the conclusion at which the Court arrived being, that the consideration clause in a deed can be explained by parol proof. See 11 Wheat., 199; 7 Pick., 533; 12 Pick., 557; 3 Watts, 151; 1 Rand. 219; 2 Call., 103; 12 John.; 6 Vt., 426.

Cowen and Hill, in their notes on Phillips' Evidence, part 2, page —, after commenting on the English decisions say, "The English decisions therefore, whatever may be said of their dicta, do not appear to have gone beyond the point of disallowing proof to show a consideration

of a different species, so as thereby to change the nature of the deed; for instance, where under such circumstances a deed imports a bargain and sale merely, and the consideration mentioned is disproved or turns out so entirely inadequate as to raise the presumption of fraud, it shall not be supported by proof that it was intended to operate as a voluntary conveyance." Here the consideration proven is of the same species as that mentioned in the assignment.

But although the authorities are conflicting as regards the admissibility of such evidence to support deeds or solemn instruments under seal, I am not aware of any case in which it has been held that the consideration of the assignment of a personal chattel or chose in action, may not be proven by parol, and a different one established than that expressed in the instrument.

Under our system a mortgage is a mere incident to the debt which it is given to secure; to vest the plaintiff with the absolute ownership and control of it, no formal assignment was necessary; the simple endorsement and delivery of the promissory note was sufficient to carry with it the mortgage which was its incident.

It will not be questioned that the consideration for making or endorsing a promissory note may be gone into at any time, and there can be no reason for adopting a more stringent rule as to the incident.

The judgment of the Court below is affirmed with costs.