[No. 7,219.—Department One.]

## THE CITY OF STOCKTON v. S. DUNHAM, ETC.

STREET ASSESSMENT—STOCKTON.—The case in the lower court was similar to No. 7,218, *supra*, except that in this case the assessment was to "S. Dunham or unknown."

*Held:* The variation is immaterial, and in either case the assessment did not comply with the statute.

ID.—FAILURE OF COURT TO RULE UPON OBJECTION TO EVIDENCE—PRACTICE.—The Court reserved its ruling upon defendant's objection to the assessment, and afterwards failed to rule.

*Held:* This was error; and for this reason the judgment and order denying a new trial reversed.

APPEAL from a judgment for the defendants in the Fifth District Court of the county of San Joaquin, BOOKER, J., and from an order denying a new trial in the Superior Court of said county.

The following are the portions of the statement bearing upon the error commented on by the Court: The plaintiff offered in evidence the Assessment List referred to in the complaint, and of which the following is a correct copy, etc.

Plaintiff also offered in evidence the Delinquent List referred to in paragraph xvi of the complaint, which list is attached to said Assessment List and diagram, and is in the following words and figures, to wit, etc.

All of the foregoing evidence was objected to by defendant on the grounds that each and every part thereof was incompetent, immaterial, and irrelevant; * * * that it was indefinite and uncertain as to the person or persons against whom the assessment is made, in this, that it is assessed in the name or names of S. Dunham or unknown, etc.

The Court thereupon, at the request of plaintiff, ordered that the further hearing of the cause be continued, to allow plaintiff opportunity to produce authorities in answer to defendant's objection to the evidence offered by plaintiff.

Thereafter, at the October term, 1879, to wit, on the fourteenth day of November, A. D. 1879, the defendants by their counsel, * * * appeared and moved the Court for judgment in the action, whereupon the Court ordered judgment for the defendants for costs, and on said last named day (there being no appearance by or for the plaintiff at the rendition of judgment and no written notice that said motion would be made) defendants duly notified plaintiff of the judgment rendered in the case, as aforesaid.

Plaintiff specifies the following errors in law, in which the Court erred on the trial, and excepted to by plaintiff, and upon which plaintiff will rely in its motion for a new trial: * * * The Court erred in not announcing its ruling on the objection made by defendants to the evidence offered by plaintiff.

*Stanton L. Carter*, for Appellant.

*James A. Louttit*, for Appellee.

The Court:

The assessment in this case, and the allegations of the complaint as to ownership and possession, are the same as in case

No. 7,218, with the exception that in this case the assessment was to " S. Dunham or unknown." That variation, however, makes no difference; the assessment, in either case, did not comply with the statute. (*Himmelman* v. *Steiner*, 38 Cal. 175.)

However, when the assessment roll was offered in evidence, and objection to it was made, the Court continued the hearing of the cause; and thereafter, without ruling upon the objection, and without other or further hearing, rendered judgment for the defendant. This was error; and for this reason the judgment and order are reversed, and the cause is remanded.