[L. A. No. 344.   Department Two.—November 29, 1898.]

ELLEN D. RAYMOND, Respondent, v. GEORGE W. GLOVER et al., Defendants. GERMAN AMERICAN SAVINGS BANK, Appellant.

VENDOR AND PURCHASER—MORTGAGE TO AGENT OF VENDOR—TRUST—ASSIGNMENT—NOTICE OF EQUITIES—SUPPORT OF FINDING.—In an action by a vendor of land to enforce a trust against a bank as assignee of a note and mortgage taken by the agent of plaintiff from the purchaser for unpaid purchase money, in his own name, without authority from the vendor, and assigned by the agent to the bank as security for a loan, and to enforce a vendor's lien upon the land covered by the mortgage, where it appears that the deed from plaintiff was of record, and there is evidence tending to show that the bank was put upon inquiry as to the equities of the vendor, and failed to probe the facts, a finding that it took the note and mortgage with notice of those equities will not be disturbed.

ID.—EVIDENCE—OPINION OF WITNESS—FACTS OF PERSONAL OBSERVATION.—Nonprofessional witnesses, though not entitled to express an opinion where the jury, or the court acting as such, are equally

capable with the witness of forming an opinion from the facts stated, are allowed to express opinions based on facts within their personal observation, when the facts cannot be so described as to enable another to draw an intelligent opinion therefrom.

ID.—CONVERSATION WITHIN HEARING DISTANCE OF AGENT.—A witness testifying to declarations made by the agent of the vendor plaintiff, in a conversation, that he had purchased the mortgage in controversy from the vendor, uttered while he was sitting in a buggy with the agent and cashier of the defendant bank, which was then about to make a loan thereupon, and while the latter was seeming to give attention to the conversation, may give his opinion that the agent of the bank was within such distance that he might have heard the conversation.

ID.—ADMISSIBILITY OF EVIDENCE—RESERVED RULING NOT PASSED UPON.— It is error for a court not to pass upon an objection made to the admissibility of evidence, which was taken subject to a subsequent ruling as to such admissibility.

APPEAL from a judgment of the Superior Court of Los Angeles County. Walter Van Dyke, Judge.

The facts are stated in the opinion.

Walter Bordwell, and J. S. Chapman, for Appellant.

Lee & Scott, for Respondent.

SEARLS, C.—This action was brought by Ellen D. Raymond, the plaintiff, to procure a decree that the defendant, the German American Savings Bank, holds a certain note and mortgage as the trustee of the said plaintiff, or that in lieu thereof she be decreed to have a vendor's lien upon the land covered by said mortgage.

Plaintiff had a decree in her favor, from which defendant, the German American Savings Bank, appealed to this court, where such proceedings were had that the cause was finally remanded, with directions to the court below to find whether or not the defendant bank took the note as security without notice of the facts showing the equities in favor of the plaintiff. Such fact to be determined from the evidence already taken, with such further evidence as might be adduced, et cetera. (*Raymond v. Glover*, 37 Pac. Rep. 772, 918.)

Upon the return of the cause to the superior court, additional evidence was taken, whereupon it was found as follows: "The

defendant, German American Savings Bank, at and before the time of the assignment by defendant George Munroe to it of the note and mortgage from defendants George W. Glover and Sarah J. Glover to said Munroe, mentioned in the pleadings and original findings herein, and at and before the time of the payment by said defendant bank to said defendant Munroe of any part of the money loaned by said bank to said Munroe on the security of said note and mortgage, had notice that the plaintiff, Ellen D. Raymond, had sold the land described in the complaint to said defendants, Glover and wife, and that there was, at the time of said assignment, owing and unpaid to plaintiff from said defendants, Glover and wife, on account of the balance of the purchase price of said property on said sale, the sum of thirteen hundred dollars, with interest from the eleventh day of February, 1892, and the court finds that said defendant, German American Savings Bank, took the assignment of said note and mortgage with notice of the facts showing the equities of plaintiff in the premises, as alleged in her complaint." And judgment was entered in favor of the plaintiff.

The defendant bank again appeals from the judgment and supports its appeal by a bill of exceptions. By stipulation the record on the first appeal to this court (except the bill of exceptions contained therein) is made a part of the record here. A synopsis of the facts as found in such record may be stated thus:

Ellen D. Raymond, the plaintiff, a resident of the state of Massachusetts, was the owner of a tract of say ten acres of land situate in the county of Los Angeles, state of California. About July, 1892, plaintiff contracted with defendants, George W. Glover and Sarah J. Glover, to sell to them said ten-acre tract of land for eighteen hundred dollars, to be paid for as follows: five hundred dollars cash, and thirteen hundred dollars by note, payable in three years, with interest at nine per cent per annum, to be secured by a mortgage on the premises, executed by Glover and wife to the said plaintiff. The defendant George Munroe was the agent at Los Angeles of plaintiff and conducted the negotiations leading up to the sale.

Under date of January 11, 1892, plaintiff executed a deed to Glover and wife of the land in question, which was duly acknowledged January 22, 1892, and forwarded to Munroe, with

instructions to deliver the same to Glover and wife upon the execution to her of the note and mortgage aforesaid. Munroe, without authority, fraudulently inserted his own name as payee of the note and as mortgagee in the mortgage, and Glover and wife, being deceived by Munroe and supposing the papers ran to plaintiff, signed the same without reading them and paid the five hundred dollars in cash. The date of the note and mortgage is February 11, 1892.

About February 22, 1892, Munroe presented the note and mortgage to the appellant bank and applied for a loan of one thousand dollars, offering said note and mortgage as collateral security for the payment thereof. The offer was accepted, the money loaned to him, and the note and mortgage taken as such security. Upon this state of the case the question is, Was the evidence at the second trial sufficient to uphold the finding of the court that the defendant, "German American Savings Bank, took the assignment of said note and mortgage with notice of the facts showing the equities of plaintiff?" Appellant attacks this finding as being unsupported by evidence.

1. The deed from plaintiff to the Glovers was of record, and imparted constructive notice to the appellant that plaintiff had conveyed the property to said Glovers.

2. Munroe, when applying to appellant for a loan, produced to it a certificate of title to the mortgaged premises, showing, among other things, that on February 15, 1892, the plaintiff was the owner of the premises, and that on the sixteenth day of the same month the defendants, Glover and wife, held the title thereto, and that on February 23d it was still vested in the latter.

3. Munroe, the agent of the plaintiff, in his deposition, testifies that he informed the bank he was the agent of plaintiff in selling the property to Glover and wife, and that the mortgage offered as security was for the unpaid balance of the purchase money, and was made payable to him (the witness) in settlement of accounts between him and the plaintiff.

4. U. S. Glover and G. E. Glover, sons of defendant George W. Glover, testified in substance that Munroe and Moses N. Avery, agent and cashier of the defendant bank, visited the mortgaged land, where it was stated that the bank was about to loan Munroe money on the mortgage, and that Munroe then

said, while sitting in a buggy with Avery, that he, Munroe, had purchased the mortgage of Mrs. Raymond, the plaintiff.

We think this evidence, taken together, was sufficient, if believed by the court, to warrant it in finding that the defendant bank was put upon inquiry, and having failed to probe the facts was, as a matter of fact, to be deemed as taking the mortgage with notice. In other words, that there was such a substantial conflict in the evidence as to preclude us from disturbing the finding of the court that appellant took the mortgage with notice of the equities in favor of plaintiff. The court below was the judge of the credit to be given to the several witnesses, and we cannot disturb its conclusions in the premises except in cases of patent error. At the last trial of the cause, counsel for plaintiff, for the purpose apparently of proving that Mr. Avery, the cashier of the defendant bank, heard the declaration of Munroe that he had purchased the note and mortgage from the plaintiff, asked of his witness, U. S. Glover, "Where was Mr. Avery at the time that Mr. Munroe made that statement to your father?" Counsel for the defendant bank (appellant) objected to the question upon the ground that on the former trial there had been a finding upon that question, and that it was incompetent to again go into the matter. We may here state that the finding of the court on the first trial was that the declaration in question was made by Munroe without the hearing of Avery. The court admitted the evidence, reserving its ruling as to its admissibility, and so far as appears from the record failed to decide the question. The witness answered that Avery was with Munroe in the —— when counsel for plaintiff said: "And he was within hearing of the remark made by Mr. Munroe?" Counsel for the bank objected, which objection was overruled and an exception noted. The witness answered, "Yes, sir." The witness then stated, in answer to other questions, that at the time Munroe made the statement that he had purchased the note and mortgage, he and Avery were sitting side by side in the buggy, and that witness, his brother and father were beside the buggy. The brother and father testified to like effect, the brother adding that Mr. Avery "was listening to the conversation."

Nonprofessional witnesses are allowed to express opinions

based on facts within their personal observation, when the facts cannot be so described as to enable another to draw any intelligent conclusion therefrom. Under such circumstances, opinions, it is said, must be received in evidence from the necessities of the situation; examples of this kind are cases in which the identity of a person, his apparent age, appearance, whether intoxicated or sober, angry or not, or sad, or nervous, et cetera, become important. Also in matters of size, color, weight, and quantity; in estimates of time and distance; in questions of value, et cetera. (Rogers on Expert Testimony, 10-13.) But the opinions of a witness are not admissible where the jury or the court acting as such are equally capable with the witness of forming an opinion from the facts stated. (Rogers on Expert Testimony, 13, and cases there cited.)

In the case at bar, the opinion of the witness was not asked as to whether Avery did in fact hear what was said, but whether said Avery was within such distance that he might have heard. The evidence of other witnesses showed that Avery and Munroe were sitting side by side in a buggy beside which the witnesses stood, and the witness was permitted without objection to testify that he, the witness, heard what was said, and that Avery seemed to be giving attention to the conversation. We think the evidence comes within the rule as above stated, but at all events, under the circumstances, the ruling was not injurious to appellant.

The more important error alleged by appellant relates to the failure of the court to pass upon the question of the admissibility of the evidence which was taken subject to a subsequent ruling as to such admissibility.

Respondent contends that no exception was taken to the testimony on the part of appellant, and hence it is not in a position to avail itself of the error, if any there was. The manifest answer to this objection is, that appellant never had an opportunity to except. An exception is an objection upon a matter of law to a decision, and must be taken when the decision is made, except as provided in section 647 of the Code of Civil Procedure. (Code Civ. Proc., sec. 646.) As no decision was ever made by the court, appellant had no opportunity to except.

The error of the court consisted in failing to decide the re-

served question at all. The bill of exceptions containing the errors assigned shows that this is the gist of the error assigned. From the adjudicated cases in this state, including *Sharp v. Lumley,* 34 Cal. 614, *Mayo v. Mazeaux,* 38 Cal. 445, and *Martin v. Lloyd,* 94 Cal. 204, it may readily be seen that this court has repeatedly discouraged the practice of deferring rulings upon the admissibility of proffered evidence, but that to do so is not necessarily erroneous. When, however, the practice is indulged in, the ruling should be made at such time and under circumstances allowing the party against whom the ruling is had to supply other testimony, if that proffered and taken is rejected, provided he desires and can do so, and if the testimony is admitted, that the party deeming himself aggrieved thereby may rebut the same if in his power so to do, *non constat,* but that in the present case appellant, if advised by a decision of the court admitting the evidence, might have rebutted such evidence by showing, as it must have done on the former trial, that the declarations of Munroe were made without the hearing of Avery, its cashier and agent. At all events, it was error to not decide the question.

For this error we recommend that the judgment be reversed and the cause remanded, with directions to find whether or not the bank took the note as security, without notice of the facts showing the equities in favor of the plaintiff. This fact may be found upon the evidence already taken, with such further evidence upon that subject as the parties may see fit to submit. If the court finds that the appellant took the note as security, without notice of the facts showing such equities, judgment should be rendered giving to the appellant a first lien upon the property for the amount of its claim, and to the plaintiff a second lien thereon to the extent of thirteen hundred dollars and interest, as provided in the contract of sale.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded with directions as above stated.          McFarland, J., Temple, J., Henshaw, J.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank.