[No. 49. First Appellate District.—September 11, 1905.]

## C. P. DOE, Respondent, v. CHARLES R. ALLEN, Appellant.

ASSUMPSIT—CONFLICTING EVIDENCE—SUPPORT OF FINDINGS.—In an action of assumpsit, where there is a substantial conflict in the evidence, and findings for the plaintiff are supported by sufficient evidence tending to sustain them, this court will not interfere with the action of the trial court.

Id.—Finding as to Date.—A finding that the promise was made on or about the date alleged in the complaint is sufficiently sustained by evidence that it was made on that date, and conflicting evidence that it was made on the day next previous thereto. The court was not required to choose absolutely between the two dates.

Id.—Original Verbal Promise—Consideration—Statute of Frauds. —A verbal promise by a purchaser who had paid the purchase money on a cargo of coal consigned to him, to pay the freight to the carrier if it should be delivered free of lien for the freight (which the agents of the consignor had failed to pay) and on faith of which promise the carrier delivered the cargo, is an original promise resting upon a consideration beneficial to the promisor, and is not required to be in writing under sections 1624 and 2794 of the Civil Code.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

T. C. Coogan, for Appellant.

Charles E. Naylor, for Respondent.

HALL, J.—This is an appeal by defendant from a judgment and order denying his motion for a new trial.

The complaint sets forth two causes of action, the first count alleging that defendant became indebted to plaintiff on the nineteenth day of December, 1899, in the sum of $747.95 for freight money upon a cargo of coal that day delivered by plaintiff to defendant at his (defendant's) special instance and request, which said defendant promised to pay in consideration of the delivery by plaintiff to defendant of said cargo of coal.

The only points presented by the appeal concern the first cause of action.

The first point urged is, that "The evidence is insufficient to justify or sustain the finding and decision contained in paragraph 1 of the findings of fact herein:

"1st:—That on or about December 19th, 1899, plaintiff delivered from steamer Alice Blanchard to defendant, at the special instance and request of defendant, at the city and county of San Francisco, state of California, a cargo of coal, upon consideration of defendant's promise to pay the freight money thereon;

I Cal. App.—36

"2d:—That defendant promised on or about said day to pay plaintiff the freight money due thereon."

The plaintiff, among other things, testified that in December, 1899, he brought a cargo of coal to San Francisco on the steamer Alice Blanchard, arriving here about December 18th, and consigned to Charles R. Allen. That on the eighteenth day of December he called upon the agents of the consignors with reference to the freight money. They did not pay, and, continuing, the witness said: "On that day I had a conversation with Charles R. Allen with reference to freight money on this cargo of coal. I telephoned to Mr. Allen on the morning of the 18th. I asked him if he would pay the freight if we delivered it. He answered back stating that he would. This telephone message was sent from the telephone of Messrs. Byxbee & Clark's office" (agents of the consignors). He further testified that the conversation was held during the morning of the 18th at a time when but few tons of coal had been discharged and that the discharge of the coal was finished at half-past twelve December 19, 1899. and that he delivered the coal because defendant agreed to pay the freight.

The above testimony supports the findings. It is true that defendant gave testimony which contradicts the testimony of plaintiff, and counsel for appellant has called our attention to alleged contradictions and improbabilities in the testimony of plaintiff. But these were matters to be solved by the trial court; and where there is a substantial conflict in the evidence such as is presented in this case, this court will not interfere with the action of the lower court in regard thereto.

Evidence that the promise was made on the eighteenth day of December, 1899, was sufficient to support the finding that "defendant promised on or about said day [December 19, 1899] to pay plaintiff the freight money due thereon." Whether or not the telephonic conversation occurred on the eighteenth or nineteenth day of December, under the condition of the evidence in this case, went to the evidentiary value of the respective testimony of plaintiff and defendant as to that conversation; but the court was not required, as is claimed by appellant, to make a finding as to which of the two days the promise was made upon.

Appellant urges as ground for reversal the failure of the court to rule upon a motion made by defendant to strike out the answer of plaintiff as follows: "I telephoned to Mr. Allen on the morning of the 18th. I asked him if he would pay the freight if we delivered it. He answered back stating that he would. This telephone message was sent from the telephone in Messrs. Byxbee and Clark's office." The motion to strike out was made upon the ground that the answer of the witness showed upon its face that it was a promise within the statute of frauds, and the court said, "I will reserve my ruling." Conceding for the purpose of this decision that a failure to pass on such a motion is reversible error (*City of Stockton* v. *Dunham,* 59 Cal. 609; *Raymond* v. *Glover,* 122 Cal. 471, [55 Pac. 398]), and passing the point that nowhere in the assignment of errors contained in the statement on motion for a new trial is the failure to pass upon this particular motion assigned as error, we find that later on, at the close of the evidence for plaintiff, the defendant "moved the court to strike out all *testimony of plaintiff stating the alleged contract made over the telephone* on the ground that said contract fell within the application of the statute of frauds, and that said testimony was inadmissible." This motion the court denied, and to this ruling defendant duly excepted. It will thus be seen that the defendant renewed his motion and obtained a ruling. The testimony referred to in the last motion is the identical testimony given in the answer of plaintiff above set forth. It therefore cannot be said that the court did fail to rule on defendant's motion.

The vital question, however, presented by the appeal concerns the application of the statute of frauds, and is raised by several objections to testimony given by plaintiff, by the motion to strike out last referred to, and by a motion for nonsuit made by defendant at the close of plaintiff's case, and which was by the court denied.

It is contended by appellant that the testimony of plaintiff, if true, tended to prove a parol promise to answer for the debt of another (the consignor), and was therefore void under subdivision 2 of section 1624 of the Civil Code.

But we think that the facts of this case bring it within one of the exceptions to the general rule. The pertinent part of

section 1624 is as follows: "The following contracts are invalid, unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or by his agent: . . . 2. A special promise to answer for the debt, default, or miscarriage of another, except in the cases provided for in section 2794 of this code."

Turning to section 2794 (Civ. Code) we find the following provision: "A promise to answer for the obligation of another, in any of the following cases, is deemed an original obligation of the promisor, and need not be in writing: . . . 3. Where the promise, being for an antecedent obligation of another, is made . . . upon a consideration beneficial to the promisor, whether moving from either party to the antecedent obligation, or from another person."

The facts of this case are squarely within the above exception. At the time of the promise plaintiff, as carrier, had possession of the cargo of coal, and had a lien thereon for the freight dependent on such possession. Defendant claimed to be the owner of the coal, as purchaser from the consignor, but he could not under the law obtain possession thereof without the consent of plaintiff, except by paying the freight. According to his own letter put in evidence on cross-examination of plaintiff, defendant had already paid the consignors for the coal. Under such circumstances the obtaining possession of the coal discharged of the lien for freight money was a consideration beneficial to defendant, and brought his promise to pay the freight money within the exception of section 2794. It became an original obligation of the promisor.

Counsel for defendant has cited us to *Maule* v. *Bucknell,* 50 Pa. St. 39, an interesting case because of the discussion of the diverse rulings of different courts on the proper effect of the statute of frauds. It is there said: "A new consideration for a new promise is indispensable without the statute, and if a new consideration is all that is needed to give validity to a promise to pay the debt of another the statute amounts to nothing, nor can it make any difference that the new consideration moves from the promisee to the promisor." But an examination of the statute of Pennsylvania discloses the fact that, like the statutes of many of our states, it contains no exception such as we have in section 2794 of the

Civil Code. It simply provides that no action shall be
brought to charge the defendant upon any special promise to
answer for the debt of another unless the promise be in writ-
ing subscribed by the defendant. (Pennsylvania Statute of
Frauds and Perjuries, sec. 1, Brightley's Purdon's Digest,
831.)

The case, however, recognizes an exception to the general
rule within which the case now before the court also comes.
Speaking of cases that are exceptions to the general rule, the
court said: "*Arnold* v. *Stedman,* 45 Pa. St. 186, *was a case
within one of the recognized exceptions. There the prom-
isor's property was liable* for the debt of another, indepen-
dent of the express promise, and the defendant undertook to
pay the debt of the property." (The italics are ours.)

In *Arnold* v. *Stedman,* 45 Pa. St. 186, Arnold, by a writ-
ten contract, agreed to sell one Barrett two lots of land on
deferred payments, and on failure to make the payments
Barrett was "to give possession of said property to said
Arnold." Barrett took possession, and whilst he was in pos-
session Stedman built a barn on the lots for Barrett and
filed a mechanic's claim of lien for two hundred dollars.
Barrett not having made his payments to Arnold, the latter
brought suit in ejectment, and during the pendency thereof
promised Stedman that if he would not proceed further in
the action to enforce his lien, he (Arnold) would pay Sted-
man's claim, and to this Stedman agreed. Arnold having
recovered the lots, Stedman brought suit against Arnold on
his promise, and the court held that the promise was not
within the statute of frauds. The court said: "Here, then,
was a lien or claim upon property in which Arnold had an
interest, and it was a benefit to him that no proceedings
should take place on the mechanic's lien held by Stedman
while his ejectment was in progress. The consideration,
therefore, as regarded Arnold, of his promise, was the benefit
or advantage to himself arising from Stedman's relinquish-
ing proceedings upon his mechanic's lien. The consideration
did not proceed from or to the debtor, but was an entirely
new and fresh one between Arnold and Stedman, and was a
new, original, and binding contract, Arnold's object being,
not to answer for the debt of Barrett, but to subserve a pur-
pose of his own."

So in the case before us the cargo of coal, which was the property of defendant, was in the possession of plaintiff, and liable to him for the freight. Defendant's promise to pay the freight in consideration of the delivery of the coal cannot properly be said to be a promise to pay the debt of the consignor, but was a new binding contract between plaintiff and defendant.

*Clay* v. *Walton,* 9 Cal. 329, also cited by defendant, was decided at a time when our statute of frauds did not contain the exception contained in section 2794 of the Civil Code (Hittell's General Laws, sec. 3156), and was not a case where plaintiff delivered to defendant property of defendant upon which plaintiff had a lien, and which lien defendant promised to pay, and is therefore not in point.

Judgment and order denying motion for a new trial are affirmed.

Cooper, J., and Harrison, P. J., concurred.