[Civ. No. 4313. Second Appellate District, Division Two.—May 3, 1927.]

## HAMMOND LUMBER COMPANY (a Corporation), Respondent, v. A. H. CRAVENS, Appellant.

[1] CONTRACTS—REQUEST FOR DELAY IN MECHANIC'S LIEN SUIT—PROMISE TO PAY—CONSIDERATION.—Where the vendee of real property, knowing of the existence of a mechanic's lien suit against, and in which summons has been served upon, his predecessor, and desiring to avoid the expense incident to litigation looking to a foreclosure sale, asks to have the action lie dormant and further service, or return, of process withheld, and, in consideration of the promise of delay, followed by actual delay, by plaintiff in the prosecution of such suit, and of the grace of additional time allowed to satisfy the claim of lien, said vendee promises to pay an agreed sum by way of compromise, such promise is supported by a sufficient consideration.

[2] ID.—SUFFICIENCY OF CONSIDERATION.—In actions at law, it is the actuality of a consideration, rather than its *quantum,* that supplies the essential ingredient of a contract; and the promise of delay, duly and fully performed, of which defendant receives the benefit, together with the detriment suffered by plaintiff through the delay, is a sufficient consideration for defendant's promise to pay.

[3] ID.—NOVATION — PROMISES TO PAY — ESTOPPEL.—Where said mechanic's lien suit was against defendant's predecessor and others, not including defendant, it was not necessary that there should be a novation, through release of the original debtors and the acceptance of defendant in their stead, or that the foreclosure suit should be dismissed by plaintiff; and where defendant lulled plaintiff into a sense of security by oft-repeated promises to pay until the court had lost jurisdiction of the mechanic's lien suit, and the lien was extinguished by the dismissal of the action on motion of defendant himself as the owner of the property in suit, defendant was in no position to repudiate his liability.

[4] ID.—AUTHORIZED AGENCY—COMMUNICATION TO COUNSEL.—The fact that defendant's requests and promises were not made to plaintiff's attorney of record in the mechanic's lien suit did not affect plaintiff's rights, where said requests and promises were made to an authorized agent of plaintiff and plaintiff, or its authorized

1. Forbearance to sue as consideration for promise, note, 60 **Am. Dec.** 524. See, also, 6 **Cal. Jur.** 173; 6 **R. C. L.** 659.

2. See 6 **Cal. Jur.** 169; 6 **R. C. L.** 678.

agent, had power to, and did, direct the attorney of record to refrain from further prosecution of the action.

[5] ID.—ORIGINAL PROMISES TO PAY—STATUTE OF FRAUDS.—Each of defendant's promises to pay, having been made directly to promote and subserve his own interests, became an original undertaking on his own part, based upon a beneficial consideration moving directly to him from plaintiff; and such promises are excluded from the operation of section 1624 of the Civil Code and are made provable by oral evidence, and enforceable, under subdivision 3 of section 2794 of the Civil Code.

[6] ID.—ORAL OFFER OF COMPROMISE—ACCEPTANCE—STATUTE OF FRAUDS.—Plaintiff's acceptance of defendant's oral offer to compromise the lien in question constituted an original contract, without being committed to writing; and, for the purpose of proving such contract, such oral offer was properly admissible in evidence.

---

(1) 12 C. J., p. 322, n. 3.   (2) 13 C. J., p. 351, n. 26, p. 365, n. 66. (3) 12 C. J., p. 316, n. 14, p. 337, n. 5, p. 360, n. 52.   (4) 12 C. J., p. 360, n. 51.   (5) 27 C. J., p. 151, n. 35.   (6) 12 C. J., p. 316, n. 20; 27 C. J., p. 151, n. 31.

APPEAL from a judgment of the Superior Court of Los Angeles County. Victor R. McLucas, Judge. Affirmed.

The facts are stated in the opinion of the court.

Goodwin & Morgrage for Appellant.

R. L. Horton for Respondent.

JOHNSON, J., *pro tem.*—This is an appeal from a judgment in favor of plaintiff for the sum of $600 and interest, found by the court to be owing to plaintiff under verbal promises of defendant to pay said sum in consideration of plaintiff's agreement to refrain from further prosecution of a pending action to foreclose a lien for materials supplied

---

5. What is contract to answer for debt of another, note, 126 Am. St. Rep. 488. See, also, 12 Cal. Jur. 864, 868; 25 R. C. L. 481. Is agreement by vendee to pay encumbrance within statute of frauds as promise to answer for debt of another, note, 15 L. R. A. 1087. See 12 Cal. Jur. 874; 25 R. C. L. 498. Is oral promise to pay another's debt made in order to secure benefit to promisor without releasing original debtor within statute of frauds, notes, 22 L. R. A. (N. S.) 1077; 40 L. R. A. (N. S.) 242.

for and used in buildings constructed on land acquired by defendant after the lien attached, and to dismiss the action on receipt of the agreed amount. The appellant states that the appeal involves only the correctness of rulings of the trial court admitting oral testimony of the alleged promise by defendant to pay the antecedent debt of another, and of the court's order denying defendant's motion for a new trial.

During a period when the Title Insurance and Trust Company and J. T. Lyons were owners, or reputed owners, of the property subject to the lien, certain lumber used in the construction of buildings thereon was furnished by plaintiff, of the purchase price of which there remained unpaid a balance of $737.49. On July 18, 1916, plaintiff had instituted, and caused summons to issue in, an action to enforce plaintiff's claim of lien against the property for the unpaid balance. Defendant was not a party to that action, but at a time in 1916, after the action had been begun and before service of summons on any of the defendants therein, Cravens, the defendant here, entered into a contract of purchase of the property, with part of the purchase price payable *in futuro,* and thereupon took possession. He stated in one part of his testimony that he knew of the lien on the property, in another part that he first learned that the lien had not been taken care of, and was a cloud on the title, when he asked for a deed, in the year 1918. Owing to some expectation of a settlement of the lien suit, summons was not served on any of the defendants until July 8, 1918, at which time it was served on the defendant Lyons, the only defendant ever served in that action. There was never any appearance in the action by Lyons or any other defendant. After the service on Lyons, no return of summons was made until July 29, 1920, more than three years after its issuance and after service of notice of motion by Cravens to dismiss the action under section 581a of the Code of Civil Procedure. The motion to dismiss was granted August 12, 1920, and this present action, based on previous verbal promises of Cravens to compromise and settle plaintiff's claim for $600, was then begun. [1] The complaint contains three counts, each pleading a separate promise by defendant at as many different times, the first in September, 1918, the second in January, 1919, and the third in June, 1920. The defendant denied all such promises, but the court found them all to

have been made as alleged in the complaint, and awarded judgment against defendant accordingly.

The defendant contends that there was a lack of consideration for any of the promises, and that in any event they were promises to answer for the debt of another and invalid under subdivision 2 of section 1624 of the Civil Code because not in writing, and that the court erred in admitting oral evidence of any of such promises. These contentions have, however, no justification in the record.

The court finds that each of defendant's promises was made in consideration of plaintiff's agreement not to prosecute the lien suit or take any further proceedings therein, and that this agreement was kept on plaintiff's part. These findings are fully supported by the evidence. According to testimony given on behalf of plaintiff, the defendant called on plaintiff's agent, C. S. Anderson, about September 1, 1918, and exhibiting the copy of the summons served on Lyons, said that he had heard of the case from Lyons. Upon the representation that he desired to avoid the expense of litigation he offered to pay $600 in full settlement, promising to make such payment if the Hammond Lumber Company would refrain from prosecuting the action, and proposing that the case should stand without either further service of process or further prosecution. Anderson stated that this arrangement would be agreeable, and that they would accommodate Cravens. Accordingly, the prosecution of the case was allowed to linger. A few months later, as Anderson testified, he asked Cravens, in January, 1919, to make payment as had been previously agreed, whereupon Cravens said that he was short of money owing to the fact that he had in storage beans that he could not sell; but he agreed to pay in January, 1920, and also to sign a letter to be prepared by Anderson. Though such a letter was submitted to Cravens, it was, nevertheless, not signed. Again, at the time of Anderson's call in January, 1919, Anderson testified that he promised Cravens that the action would not be prosecuted. Payment not having been made, Anderson, accompanied by A. W. Greiner, a corroborating witness in the case, called on Cravens at a date fixed by the latter as about July 26, 1920; and, according to both Anderson and Greiner, Cravens said on that occasion that his beans were

still unsold but that he expected to dispose of them shortly, and promised that as soon as he could sell, he would pay the $600. Anderson said in his testimony that at that time he made mention of the fact that the lien suit had been pending a long time and that something should have been done earlier, to which Cravens replied that Anderson had agreed to wait; and in this statement Anderson acquiesced, saying, "Well, we will wait." On that occasion Anderson presented also a letter, bearing date July 26, 1920, for Cravens' signature; and Cravens then said that he did not want to sign the letter, but that he would take care of the $600.

It appears from the testimony recited that defendant, knowing of the lien suit and desiring to avoid the expense incident to litigation looking to a foreclosure sale, asked to have the action lie dormant and further service, or return, of process withheld; and in consideration of the promise of delay, followed by actual delay, in prosecution of the suit, and of the grace of additional time allowed to satisfy the claim of lien, he agreed to pay $600 by way of compromise. There was both an agreement to forbear further prosecution of the suit and an actual forbearance. [2] In actions at law it is the actuality of a consideration, rather than its *quantum,* that supplies the essential ingredient of a contract; and the promise of delay, duly and fully performed, of which defendant received the benefit, together with the detriment suffered by plaintiff through the delay, was a sufficient consideration for defendant's promise to pay. (Civ. Code, sec. 1605.)

[3] It was not necessary that there should be a novation, through release of the original debtors and acceptance of defendant in their stead, or that the foreclosure suit should be dismissed by plaintiff. Defendant wanted his property cleared of the lien; and after lulling plaintiff into a sense of security by oft-repeated promises until the court had lost jurisdiction, and the lien was extinguished by a dismissal of the action on motion of the defendant himself as owner of the property in suit, defendant is in no position to repudiate his liability.

[4] A further point made on behalf of defendant is that Anderson, because not the attorney of record in the lien suit, could not control the action. Anderson was, however,

82 Cal. App.—44

an authorized business agent of plaintiff, and plaintiff, or its authorized agent, had power to, and did, direct the attorney of record to refrain from further prosecution. In that way there was actual control of the suit to the advantage of defendant.

[5] Defendant's objections that his promises of payment are unenforceable because not in writing, and that oral testimony concerning them was inadmissible, are also untenable. None of the promises was a conditional or collateral promise to answer for the debt of another. Each was a promise made directly to promote and subserve an interest of defendant himself, and became an original undertaking on his own part, based upon a beneficial consideration moving directly to himself from plaintiff. Hence these promises are excluded from the operation of section 1624 of the Civil Code and are made provable by oral evidence, and enforceable, under subdivisions 3 of section 2794 of the Civil Code. (*Fuller* v. *Towne,* 184 Cal. 89, 96 [193 Pac. 88] ; *Leslie* v. *Conway,* 59 Cal. 442, 444; *Fairchild* v. *Cartwright,* 39 Cal. App. 118, 121 [178 Pac. 333] ; *Doe* v. *Allen,* 1 Cal. App. 560, 564 [82 Pac. 568].)

The case of *Brightman* v. *Hicks,* 108 Mass. 246, on which defendant relies, is not applicable here. In that case the defendant was not in possession of the property subject to the lien, nor was there a consideration moving to him so as to make his promise an original rather than a collateral undertaking. The present case has more resemblance to the ancient case of *Williams* v. *Leper,* 3 Burr. 1886 (97 Eng. Reprint, 1152), where a landlord having a lien on an insolvent tenant's goods for rent was about to distrain, but was induced to refrain by an agent of the tenant's assignee for the benefit of the creditors, who promised verbally to pay the rent. The promise was held enforceable as an original obligation.

[6] It may be said further that the oral evidence of each of defendant Cravens' promises was admissible not only for the reasons given, but also because of the fact that this action is founded upon an uncompleted agreement for the compromise of the lien suit. Plaintiff accepted Cravens' verbal offer to pay $600 in full settlement of plaintiff's claim of lien against Cravens' property; and each offer when

accepted became an original bargain between plaintiff and Cravens, controlled by the principles applicable to contracts in general. Cravens' promises were therefore provable as the basis of the several contracts here sued upon in separate counts. An agreement to compromise is valid because it is for the settlement of a controversy; and, so far as section 1624 of the Civil Code is concerned, the terms of each of the agreements between the parties, treated as an original contract of compromise, were such as to be valid without being committed to writing.

It follows from what has been said that no error was committed in allowing the oral evidence to which defendant takes exception, and that the evidence justifies the findings of the court.

The judgment is affirmed.

Craig, J., and Thompson, J., concurred.