[Civ. No. 3375.   Third Appellate District.—January 18, 1928.]

R. F. S. WURDEMAN, Respondent, v. REBA A. WALLER et al., Appellants.

Rush M. Blodget and W. W. Rennie for Appellants.

William F. Adams for Respondent.

PRESTON, J., *pro tem.*—This is an appeal by the defendants Reba A. Waller and W. J. Starr from a judgment entered against them in the sum of $1,528.89.

The facts are briefly these: Converse Wurdeman, the son of plaintiff, was engaged in the electrical business in Venice, California, under the fictitious name of "Coast Electric & Machinery Company." On May 18, 1922, Converse Wurdeman executed and delivered to "The Electric Corporation," a corporation of Los Angeles County, a promissory note in the sum of $2,000, payable in installments of $200 per month. The plaintiff Mrs. R. F. S. Wurdeman signed this note as joint maker, without receiving any consideration therefor, for the purpose of enabling her son to obtain credit from The Electric Corporation. Converse Wurdeman was heavily in debt at the time this note was signed, and his financial condition continuing to get worse instead of better until on or about June 13, 1922, it became apparent to him that he could conduct his business no longer. The defendants were in his employ and had considerable wages due them. A conference was held between Converse Wurdeman and the defendants, wherein it was agreed that Converse Wurdeman should transfer the entire business to the defendants, and they would assume and pay certain indebtedness of Converse Wurdeman. Pursuant to this arrangement, and on June 13, 1922, Converse Wurdeman made, executed and delivered to defendants a bill of sale for the entire business, including all of the stock of merchandise,

consisting of electrical supplies and fixtures of every kind and description; also all the bills receivable, and all interest in any uncompleted contracts, together with the goodwill of the business, etc.; said bill of sale reciting a consideration of $10. The defendants went into possession of the business when the bill of sale was delivered on June 13, 1922, and have conducted the business ever since.

The disputed question of fact in the case was whether this particular note of $2,000 to The Electric Corporation was included in the indebtedness that the defendants were to assume and pay. Converse Wurdeman testified that, as part of the consideration for the transfer, the defendants agreed to assume and pay the note of $2,000 to The Electric Corporation, and that defendants actually did pay $200 on account of said note on July 7, 1922, and a further sum of $35 on October 19, 1922. Converse Wurdeman further testified that as part of the consideration for the transfer to defendants, he was to be employed by them at a salary of $35 per week, and that he did actually work for defendants from June 13, 1922, until October 5, 1922. The defendants, and one or two witnesses, on the other hand, testified positively that this note was not included within the accounts they agreed to assume and pay, and that they had made no payments thereon. Plaintiff testified that she was present at a conference in October, 1922, and heard defendants agree to assume and pay the $2,000 note in question. Mr. Riley, the secretary of The Electric Corporation, testified that he was also present at a conference in October, 1922, between Converse Wurdeman, Mrs. Wurdeman and defendants, and heard defendants agree to assume and pay said note.

The trial court accepted the statements of the plaintiff and her witnesses, and found that the defendants did assume and agree to pay the $2,000 note to The Electric Corporation, and that they had, since making said agreement, actually made two payments thereon, but had refused to pay the balance.

In default of payment by defendants, The Electric Corporation demanded payment from plaintiff, and, on July 7, 1923, plaintiff paid to The Electric Corporation, in full settlement of said note, the sum of $1,408.50, and said note

was assigned to her. Thereafter, and on the seventeenth day of September, 1923, this action was commenced, and judgment was rendered in favor of plaintiff.

Many contentions are made for a reversal of the judgment.

It is strenuously contended by appellants that the findings are not supported by the evidence. As we have already seen, the evidence upon the material issue, that is, whether defendants agreed to assume and pay the note in question, is decidedly conflicting. The law is, of course, well settled that the findings of the trial court upon conflicting evidence are conclusive on appeal, and all reasonable inferences are to be indulged in support of the findings. (*Wilbur* v. *Wilbur*, 197 Cal. 7 [239 Pac. 332]; *Treadwell* v. *Nickel*, 194 Cal. 243 [228 Pac. 25]; *Gjurich* v. *Fieg*, 164 Cal. 429 [Ann. Cas. 1916B, 111, 129 Pac. 464].)

The court's finding, therefore, that the defendants did assume and agree to pay the $2,000 note to The Electric Corporation, being supported by substantial evidence, is conclusive on appeal.

The appellants next contend that the court erred in permitting Converse Wurdeman, the vendor, to testify that he retained an interest in the things granted by the bill of sale. The testimony complained of, which was admitted over the objection of defendants, is set forth in the bill of exceptions as follows: "Mr. Wurdeman: Mr. Green (representing defendants) said I should sign this bill of sale and that Mr. Starr and Mrs. Waller would carry the business on from that date; that I was to remain as manager of the company with no change in the company; that I would receive from that date one-third of the profits; that if during the next sixty days I would absolve them from any liability of theirs satisfactorily that I could take over the entire ownership again; if not, that I would at all times be one-third owner in the profits; that Mrs. Waller and Mr. Starr would run it under my management. . . . " "Q. (By the Court): Then the conversation resulted, amongst other things, that you said you were still to retain an interest in the business? A. Yes, sir. . . . "

Appellants contend that this would be varying the terms of the written bill of sale by parol evidence. This conten-

tion is undoubtedly true. The legal effect of a written instrument cannot be varied or defeated in whole or in part by parol evidence. (*Arnold* v. *Arnold,* 137 Cal. 291 [70 Pac. 23]; *Hendrick* v. *Crowley,* 31 Cal. 472; *Burkett* v. *Doty,* 32 Cal. App. 337 [162 Pac. 1042]; *Feeney* v. *Howard,* 79 Cal. 525 [12 Am. St. Rep. 162, 4 L. R. A. 826, 21 Pac. 984]; *Winchester* v. *Winchester,* 175 Cal. 391 [165 Pac. 965].) The answer, however, expressly admits that the business was transferred in June, 1922, by Converse Wurdeman to defendants, and admits that the transfer included all the assets of the business, and that defendants took possession of the entire business upon the consummation of the sale, and have conducted the business ever since. Moreover, the court found that the entire interest in the business was transferred by Converse Wurdeman to the defendants by the bill of sale; therefore, the erroneous admission of this evidence was not prejudicial to the rights of defendants.

Appellants also contend that the court erred in admitting oral testimony as to the consideration for the bill of sale. There is no merit in this contention. The rule is well established that the plaintiff was not estopped by the recitals in the bill of sale with respect to its consideration. The true consideration, or the want of consideration, may always be shown by extrinsic evidence for the purpose of impeaching a contract, notwithstanding that it states facts to show a valuable consideration. (Sec. 1962, subd. 2, Code Civ. Proc.; secs. 1614 and 1615, Civ. Code; *Field* v. *Austin,* 131 Cal. 379 [63 Pac. 692]; *Shepard* v. *Hunt,* 43 Cal. App. 630 [185 Pac. 677]; *Chaffee* v. *Browne,* 109 Cal. 220 [41 Pac. 1028]; *National Hardware Co.* v. *Sherwood,* 165 Cal. 7 [130 Pac. 881]; *Royer* v. *Kelly,* 174 Cal. 70 [161 Pac. 1148]; *Braselton* v. *Vokal,* 53 Cal. App. 582 [200 Pac. 670].)

It was, therefore, competent for the plaintiff to show by parol testimony what the consideration for the bill of sale given by Converse Wurdeman to the defendants in fact was; that is to say, to show that the consideration for the bill of sale was the agreement on the part of defendants to pay the $2,000 note to The Electric Corporation, as well as other indebtedness of Converse Wurdeman.

Appellants further contend that the agreement to assume the indebtedness of Converse Wurdeman was within

the statute of frauds, and, therefore, invalid unless in writing. There is no merit in this contention. This principle does not apply to contracts of the character here made; it was not a contract to guarantee or become surety for the obligations of Converse Wurdeman, but was an original obligation on the part of defendants to pay the debts of Converse Wurdeman direct to The Electric Corporation, and it was based upon a sufficient consideration; that is, the transfer to defendants by Converse Wurdeman of the entire electrical business. It comes within the description of such original obligations as are set forth in section 2794 of the Civil Code, and need not be in writing. (*Garroway* v. *Jennings,* 189 Cal. 98 [207 Pac. 554]; *Fuller* v. *Towne,* 184 Cal. 89–96 [193 Pac. 88]; *Tevis* v. *Savage,* 130 Cal. 411 [62 Pac. 611]; *Meyer* v. *Parsons,* 129 Cal. 656 [62 Pac. 216]; *Sacramento Lumber Co.* v. *Wagner,* 67 Cal. 293 [7 Pac. 705]; *Doe* v. *Allen,* 1 Cal. App. 560 [82 Pac. 568]; *Montgomery* v. *Dorn,* 25 Cal. App. 671 [145 Pac. 148].)

In *Montgomery* v. *Dorn, supra,* the court, quoting from 20 Cyc., page 174, said: "The promise of a transferee of property, made in consideration of the transfer, to assume and discharge an indebtedness of the transferer to a third person, is obligatory on him although resting in parol."

Appellants further contend that the court erred in admitting evidence of promises to pay the note in question, made in October, 1922. This contention is based upon the fact that the bill of sale and transfer were made in June, some four months before these promises were made, and that any promise made after the transfer would be within the statute of frauds and invalid unless in writing. This action could not, of course, be based upon promises made in October, 1922; nevertheless, this evidence was properly admitted for the purpose of showing an admission of lia-. bility on the part of appellants.

This case in its last analysis is simply one where the evi-dence was decidedly conflicting upon the vital point in the case, and, the court having resolved that conflict in favor of the plaintiff, we are powerless to interfere.

We think the judgment should be affirmed, and it is so crdered.

Plummer, J., and Finch, P. J., concurred.