[Civ. No. 6490. First Appellate District, Division One.—August 23, 1929.]

G. M. THATCHER, Respondent, v. G. & M. CONCRETE COMPANY, INC., Appellant.

A. A. Montagne for Appellant.

S. G. Tompkins for Respondent.

THE COURT.—An appeal from the judgment entered in an action for declaratory relief and for an accounting.

The court found that on and prior to November 17, 1926, the plaintiff was the owner of a contract for the purchase from S. T. Carlisle of a gravel producing plant situated on the land of Joseph and Caroline Doetsch in Santa Clara County, the consideration being $5,000, payable in installments, and the delivery to Carlisle of 2,000 cubic yards of gravel; that plaintiff also held a written lease of a gravel deposit upon the land mentioned; that on the above date the plaintiff agreed to assign and transfer to the defendant the Carlisle contract and the lease in consideration of the transfer by the corporation to the plaintiff of a one-fourth interest in the plant fully paid and free of encumbrances; that the plant consisted of the leasehold interest mentioned and the appliances used in producing, crushing and washing the gravel; that these assignments were on the same day made to the defendant, which thereupon executed to the plaintiff the following bill of sale:

"Oakland, California, November 18, 1926.

"Bill of Sale.

"For one dollar and other valued consideration the G. & M. Concrete Company Inc. herewith grant and convey back to G. M. Thatcher one fourth (25%) interest in their gravel plant located near Campbell, known as the Central Gravel Co., at this time, situated on the Los Gatos Creek bed on property owned by Joseph Doetsch and Caroline Doetsch.

"G. & M. CONCRETE COMPANY, INC.,

"By R. MARTIN GREATHOUSE, President.

"Accepted 11/18/26 by G. M. Thatcher.

"(Corporate seal.)"

The assignment of the Carlisle contract, which was indorsed thereon, was in words and figures as follows:

"November 17, 1926.

"For one dollar and other valued consideration I hereby assign, convey and sell all my interest in and upon this contract to G. & M. Concrete Co.

"G. M. THATCHER."

It was further found that defendant went into possession and operated the plant for the account and benefit of both parties according to their respective interests, namely, a one-fourth in the plaintiff and a three-fourths interest in the

defendant, until the month of May, 1927, when the defendant notified the plaintiff that he had no further interest therein, and that thereafter until the execution by the defendant of an agreement for the sale of the plant to one William Watson the plan was operated for the account and benefit of the defendant alone; and that on August 30, 1927, the defendant, acting in the transaction as the agent for the plaintiff, executed an agreement to sell the plant for the sum of $11,800 to Watson, who paid thereon the sum of $1500.

The plaintiff prayed that he be adjudged the owner of a one-fourth interest in the plant, and that the defendant be required to account for that proportion of the amount paid by Watson.

Judgment was entered accordingly and an appeal was taken therefrom by the defendant.

As grounds for the appeal it is claimed that the court erred in overruling the demurrer to the complaint and in admitting oral testimony as to the consideration for the transfers mentioned; and also that the finding that the defendant agreed to assign or assigned a one-fourth interest in the gravel plant ''fully paid and free of incumbrances'' is unsupported.

The objection to the complaint was based upon the alleged uncertainty appearing from its averments as to whether the alleged promise to reconvey to plaintiff ''a one-fourth interest in said gravel plant fully paid for'' was oral or written. While the allegations in this regard might have been more specific the defendant was necessarily familiar with the written portion of the transaction, and any error in overruling the demurrer was not prejudicial to his substantial rights and is not ground for reversal. (*Grossetti* v. *Sweasey,* 176 Cal. 793 [169 Pac. 687]; *Arena* v. *Bank of Italy,* 194 Cal. 195 [228 Pac. 441]; 2 Cal. Jur., Appeal and Error, sec. 603, p. 1014.)

The evidence shows that the plaintiff agreed to pay Carlisle the sum of $5,000 in five installments of $1,000 each between February 1, 1927, and February 1, 1928, and to deliver the gravel mentioned above. It also shows that no part of the contract in these respects had been performed when the same was assigned to defendant. It also appears that the defendant paid certain installments, following which

it demanded as a contribution from the plaintiff one-fourth of the amount so paid, and upon his refusal to pay said proportion declared that he had no further interest in the plant.

█ The assignment by the plaintiff, as well as the transfer from the defendant to him, recited as the consideration the sum of "one dollar and other valued considerations." The defendant contends that the parol evidence rule precluded evidence that the true consideration for plaintiff's assignment was an agreement that as between the parties the plaintiff's interest in the plant should be considered as having been fully paid for. As provided by section 1856 of the Code of Civil Procedure, it is the rule that "when the terms of an agreement have been reduced to writing by the parties it is to be considered as containing all those terms, and therefore there can be between the parties and their representatives or successors in interest no evidence of the terms of the agreement other than the contents of the writing . . . ," nevertheless, as an exception thereto it has been held that when the effect is not to destroy the legal operation of the writing it may be shown by parol that the true consideration is other or different from that expressed in the instrument. (*Arnold* v. *Arnold,* 137 Cal. 291 [70 Pac. 23]; *Winchester* v. *Winchester,* 175 Cal. 391 [165 Pac. 965]; 10 Cal. Jur., Evidence, sec. 199, p. 932.) Thus, the consideration of the assignment of a personal chattel or chose in action may be proven by parol, and a different one established than that expressed in the instrument (*Bennett* v. *Solomon,* 6 Cal. 134), or the true consideration for a written release reciting a consideration of one dollar may be shown. (*Stufflebeem* v. *Arnold,* 57 Cal. 11.) The seller of a business may, notwithstanding the recitals in the bill of sale with respect to its consideration, show by parol that the consideration in part was the agreement by the purchaser to pay an outstanding note of the seller (*Wurdeman* v. *Waller,* 88 Cal. App. 393 [263 Pac. 558]); and it may be likewise shown that as a part of the consideration of the purchase of mortgaged property the grantee assumed the payment of the mortgage. (*White* v. *Schader,* 185 Cal. 606 [21 A. L. R. 499, 198 Pac. 19]; *Robinson* v. *O'Toole,* 60 Cal. App. 710 [214 Pac. 278].)

In view of the foregoing, testimony was properly admitted in the present case to show that the true consideration for the assignments by the plaintiff was defendant's agreement to reconvey to him an interest in the plant, fully paid for and free of encumbrances; and the evidence on the issues being conflicting, the findings of the court, which were fully supported, cannot be disturbed. (2 Cal. Jur., Appeal and Error, sec. 543, p. 921.)

We find no merit in the appeal, and the judgment is accordingly affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 21, 1929.